## EBENEZER WISWELL *vs.* WILLIAM H. WILKINS.

Where there are three or more tenants in common of land, an action of account at law cannot be maintained by one against another. In such case, if one seek to recover for rents and profits, he must resort to a court of equity.

If the interest of one such tenant in common is separate, and the interest of the others joint, there would be but two parties, and the action of account would lie.

This was an action of *account*, wherein the plaintiff sought to recover of the defendant a portion of the rents and profits of certain lands in St. Albans, from March, 1818, to October, 1827. The defendant pleaded, *that he never was bailiff and receiver;* on which plea issue was joined to the country. On the trial in the county court it appeared in evidence, that the plaintiff was the owner of an undivided half of the premises; and that Tappan and Sewell formerly owned the other half; that the defendant was in possession under Tappan and Sewell when they conveyed their interest therein to N. W. Kingman, and had remained in possession ever since; that in July, 1818, Kingman conveyed one undivided half of his interest in the land to the defendant, and took back a mortgage deed to secure the payment of the purchase money, which had never been paid; and that the defendant had made some repairs on the premises. The court were of opinion that the plaintiff was not entitled to recover, and instructed the jury accordingly, who returned a verdict for the defendant. The plaintiff filed exceptions, and the case was reserved for the opinion of this Court.

By THE COURT.—This case is virtually decided by one decided last week at Burlington. As it respects the point litigated, there is no difference between this case and the action of account between partners, where more than two persons are concerned in the division of the net avails. Here, according to the facts in the case, accounts of the rents and profits and expenditures must be taken; and the plaintiff is entitled to one half of the net avails, and the defendant to one fourth part, and Mr. Kingman to the residue. Now it is evident, that a division between *Wiswell* and *Wilkins,* while Kingman is no party to the suit, ought not to be, and cannot be, binding upon Kingman. When he sues, he may produce testimony, that will lead to a result very different from that produced by the trial between *Wiswell* and *Wilkins:* The effect would be that two separate recoveries would either leave *Wilkins* liable to pay out more than he ought, or will leave money in his hands, which does not belong to him; and yet

18

FRANKLIN, he or they, to whom it jointly belongs, will have no remedy to ob-
*January,* tain it; those judgements, already recovered, being a bar to any
1832. further claim.   This view shows the absolute necessity of apply-
Wiswell ing to chancery, where more than two are concerned, that one
*vs.* decision may extend to the rights of all concerned, and compel a
Wilkins. payment from, and to, each according to their several duties and
claims.

The plaintiff's counsel have adduced many authorities, as near
in point, as can be found in the books ; but they all come short of
showing the plaintiff's right to recover in this action.  They seem
all to be cases, where one sues for his portion of a sum certain, or
where the sum can be rendered certain by computation, without
any accounting of varied uncertain items, before it could be known
what sum would belong to the plaintiff.   In the case before us,
if the plaintiff's claim had been for the half belonging to him, of
a *certain* rent, say one hundred dollars a year, and this liable to
no deduction for any expenditures for repairs, or any other object,
those authorities would be in point to show the plaintiff's right to
recover, in assumpsit, his half of such certain undiminishable rent.
But they do not tend to support the action of account, given by
our statute, unless that account is to be rendered between two
persons, or two parties, only.  If there were two defendants,
whose interest was entirely joint, that would form no objection to
this action.  They would form one party.  But where the ac-
count of uncertain matters is to be rendered between three or
more parties, with each a several interest, whether this grows out
of a tenancy in common, or a partnership, the remedy of either
must be sought in a court of equity.

The judgement of the county court, in
favor of the defendant, is affirmed.

*Read & Turner,* for plaintiff.

*Stevens & Smith & Royce,* for defendant.