### Geo. Wood and H. H. Adams *v.* David J. Merrow.

#### *Partnership. Declaration.*

Where the action is to recover money, which the defendant has received as part of the capital stock of the firm, and for which he ought to account, he should be charged as receiver, and not as bailiff.

Where the privity, which exists between the parties, arises from the connection between them as partners, the connection should be stated in the declaration.

The action of account lies to recover a balance which may be found due upon the settlement of the partnership, and not to recover a specific sum of money received by one partner for the benefit of the concern.

Action of Account. The declaration was as follows:

" In a plea of account, for that the said defendant, on the first " day of April, A. D. 1847, and from thenceforth until the first " day of July, 1848, was the bailiff of certain sums of money re-" ceived by the defendant for the mutual benefit of the defendant " and the plaintiffs, to render a reasonable account thereof to the " plaintiffs, when thereto required; yet the said defendant, though " requested, hath not rendered to the plaintiffs a reasonable account " of the premises, or any part thereof, but has denied and still de-" nies so to do, &c."

An auditor was appointed, who made a special report, the material part of which sufficiently appears in the opinion of the court.

The County Court, May Term, 1852,—Collamer, J., presiding,—rendered judgment on the report for the defendant.

Exceptions by plaintiffs.

*S. Fullam* for plaintiffs.

.1. The plaintiffs can sustain this action under the finding of the auditor, Wood and Adams being of the partners, and the defendant the other partner. *Wiswell* v. *Wilkins,* 4 Vt. 137.

2. The judgment to account settles the relation between the parties; and settles all matters alleged in the declaration, except the defendant being in arrear. *Bishop* v. *Baldwin,* 14 Vt. 145.

In this case the auditor finds a balance due to the plaintiffs, from the defendant; but the defendant showed that another (Marsh) was interested. It also appears that Marsh continued in the firm awhile, and then sold out to the plaintiffs, who then became the sole owners; the defendant having left the firm sometime before.

*R. Washburn* for defendant.

(The defendant's brief was not found with the papers in the case.)

The opinion of the court was delivered by

Bennett, J. It seems that in May, 1847, the parties to this suit formed a partnership, for the construction of section No. 12, on the Rutland and Burlington Railroad, on the west side of the mountain; and on the fourth day of June, 1847, they and one Marsh formed a new partnership, for the building of sections 6, 7, 10, 15, 16, and 20, on this same railroad; and on the 12th day of June, 1847, it was agreed by all, that section 12 should be included in this new partnership, and Marsh be a partner from the beginning, in building section 12.

The declaration is against the defendant as bailiff of the monies of the plaintiffs, received for the mutual benefit of the parties to this suit, and not to render his account as partner. The monies sought to be recovered of the defendant, were paid to him, as part of the capital stock of the firm, and to be employed in building the road. There are insuperable objections to the plaintiffs' recovery. The first agreement between the parties to this suit, was rescinded

by mutual consent relative to section 12, and Marsh became a partner from the beginning in relation to that section, as well as the others. If there are more than two partners, no action of account can be maintained to settle the partnership, at common law. The remedy was by a bill in equity. The declaration is not adapted to the state of facts in proof. The declaration is not against the defendant, as receiver, but simply as bailiff. Where the action is to recover money, which the defendant has received, and for which he ought to account, he should be charged as receiver. He is not bailiff, and the privity which exists in the present case arises from the connection between the parties, as partners; and in such case the connection should be stated in the declaration; and between partners the action of account lies to recover a balance, which may be found due upon the settlement of the partnership concern, and not to recover a specific sum of money, which may have been received by one of the partners for the use and benefit of the concern.

Judgment of the County Court is affirmed with costs.