PETER LA POINT *v.* CHARLES A. SCOTT AND ASENATH SCOTT.

*Justice of the Peace. Jurisdiction. Motion to Dismiss.*

A justice of the peace has no jurisdiction of an action of account, when the account to be rendered is between three or more parties.

The act of 1852—(G. S., p. 343)—does not extend the jurisdiction of justices of the peace in this particular.

When a motion is made to dismiss a suit for want of jurisdiction, all reasonable intendments are to be made in favor of the jurisdiction,—to warrant the court in dismissing the suit on that ground, it is not sufficient that it appears doubtful, but it must appear *clearly and unequivocally* that the court had no jurisdiction.

The allegations in the declaration in this case held to be consistent with the idea that there were only two parties contracting, the plaintiff on one side, and the defendants jointly on the other.

ACTION OF ACCOUNT, commenced before a justice of the peace and brought to the county court by appeal. In the county court the defendant made a motion to dismiss the suit on the ground that the justice before whom the suit was originally brought had no jurisdiction, there being three parties to the suit. The county court at the September Term, 1862,—ALDIS, J., presiding,—sustained the motion, and dismissed the suit, to which the plaintiff excepted.

That part of the declaration which sets forth the parties to the suit was as follows : " The defendants are attached to answer unto the plaintiff in plea of account for that the said Scotts were receivers, &c., of the monies of the plaintiff, which defendants received for the common use, benefit and profit of the plaintiff and defendants." The allegations of the declaration are sufficiently stated in the opinion.

*H. R. Beardsley,* for the plaintiff.

*Dewey & Noble,* for the defendant.

PIERPOINT, J. This is an action of account, commenced before a justice of the peace, and taken to the county court by appeal, when a motion was made to dismiss the case, on the ground that the justice had no jurisdiction of the action.

It was settled in *Chadwick* v. *Divol*, 12 Vt. 499, that justices of the peace, under our statute, have jurisdiction of actions of account, when the amount in controversy comes within their jurisdiction.

It was also decided in *Wiswell* v. *Wilkins*, 4 Vt. 137, that an action of account, cannot be maintained, either at common law or under our statute as it then was, when the account is to be rendered between three or more parties, with each a several interest.

In the last named case it is said, that when there are two defendants, whose interests are entirely joint, that would form no objection to this action. They form but one party. The correctness of these principles is not questioned by the counsel on either side in this case. Indeed they are universally recognized as law in this state.

It is conceded that the cause of action alleged in the second count, comes within the jurisdiction of a justice, but if either count sets forth a cause of action, that is not within the jurisdiction of a justice, the case must be dismissed.

The question, therefore, arrises on the first count.

It is contended by the counsel for the plaintiff, that the act of 1852, (see G. S. 343,) extends the jurisdiction of justice of the peace, to all actions of account between co-partners, irrespective of the number of co-partners. This position, we think, is untenable. The 13th section of the act extends the action of account to the adjustment of all co-partnership accounts and dealings, without reference to the number of co-partners; but the 14 section clearly limits the operation of the Act, and confines the jurisdiction of courts of law, in cases where there are more than two parties, to the county courts. It gives the county court power to hear, try and determine *all such actions*, and for that purpose, invests them with all the power of a court of chancery, and without such powers, no court of law could do full and adequate justice between all the parties in this class of cases. We think the legislature did not intend to give justices of the peace concurrent jurisdiction with the county court, when the matter in demand is less than one hundred dollars. There

La Point *v.* Scott et al.

is nothing in the act to indicate such an intention, or that would warrant us in giving it such an effect by construction, especially as justices of the peace are entirely destitute of those powers, that are absolutely necessary, to the efficient and just exercise of such a jurisdiction.

The question then arises, is the cause of action set forth in the first count one that is beyond the jurisdiction of a justice of the peace? or in other words, is the alleged cause of action, one that necessarily involves an accounting between more than two parties?

In determining this question it must be borne in mind, that on a motion of this character, all reasonable intendments are to be made in favor of the jurisdiction to warrant us in dismissing the case,—it must appear clearly and unequivocally, that the magistrate had no jurisdiction of the case. It is not sufficient that it appears doubtful, for in such case a trial upon the declaration might develop a state of facts that would clearly come within the jurisdiction of the magistrate, and yet there be no variance between the proof and the declaration; on the other hand, if the evidence establishes a case that is not within the jurisdiction, the party can then avail himself of that objection.

In the count under consideration, the two defendants are charged with having received the plaintiff's monies to merchandize with, and make profit thereof for them, the plaintiff and defendants, and to account to the plaintiff therefor. The facts as alleged, would seem to constitute them co-partners as a matter of law. But the nature of the co-partnership contract or the character and capacity in which the defendants, as between themselves, received the plaintiff's money, does not appear. All the allegations are consistent with, and would seem to indicate, that the plaintiff was dealing with the defendants in a joint capacity, the plaintiff on the one side and the defendants jointly on the other; they are consistent with the idea that the defendants were co-partners as between themselves, and in their joint co-partnership capacity received the plaintiff's monies for the purposes alleged. At all events such a state of facts might be proved under this declaration, and if such is the

real character of the transaction, there would be but two parties to the accounting, the plaintiff on the one side, and the defendants as co-partners between themselves on the other, they representing a joint interest, and constituting but one party—then there is no objection to the magistrate taking jurisdiction and disposing of the case.

In this view we think the county court erred in dismissing the action.

Judgment reversed, and the case remanded.