## Case No. 14,150.

### TRAVERS v. DYER.

[16 Blatchf. 178.] [1]

Circuit Court, D. Vermont. April 15. 1879.

ACCOUNT—NECESSARY AVERMENTS—ACCOUNTING—BALANCE DUE.

1. On a general demurrer to a count in an action of account, the question is, whether the count is sufficient in substance, without regard to form, but sufficient must be alleged in some form to constitute a cause of action.

2. In the action of account there are two judgments—one, that the defendant account with the plaintiff; the other, after the accounting, for the balance found due.

3. The declaration must show the privity by which the plaintiff is entitled to an account, and, also, proceedings under or pursuant to it, raising a balance in his favor, to be recovered.

4. Counts held bad, for want of such averments.

[This was an action by William R. Travers against John M. Dyer. Heard on demurrer.]

Edward J. Phelps and Noble & Smith, for plaintiff.

E. R. Hard and Stewart & Eldridge, for defendant.

WHEELER, District Judge. This is an action of account, in six counts. The first count is against the defendant as bailiff to the plaintiff of six thousand cords of wood; the second, as receiver of moneys of the plaintiff, to merchandise with, for their common profit; the third, as receiver of the moneys of the plaintiff as partner in hotel keeping; the fourth, as bailiff of the plaintiff's moiety of land held by them as tenants in common; the fifth, as bailiff of a moiety of other premises; the sixth, as bailiff of a moiety of other premises. The defendant has demurred generally to each of all the counts but the fourth, and tendered several issues upon that to the country. The cause has now been heard upon the

1 [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

demurrer. As the demurrer is general only, the questions are, whether the several counts demurred to are sufficient in substance, without regard to form; still, sufficient must be alleged, in some form, to constitute a cause of action. A general demurrer supplies nothing toward that.

The action of account is somewhat peculiar in its proceedings, but the peculiarities will supply no lack of statement of a cause of action, as those in the action of book account, in the states of Vermont and Connecticut, do, to some extent. The action is for an account by the defendant to the plaintiff for money of the plaintiff received by the defendant by some privity of authority or appointment, or of estate, or of law; and for the recovery of the balance due. There are two judgments in the action—one, that the defendant do account with the plaintiff; the other, after the accounting, for the balance found due. The plaintiff, in his declaration, must set forth enough to entitle him to both judgments. The privity, by which he is entitled to an account, and proceedings under or pursuant to it, raising a balance in his favor to be recovered, must both appear. If a plaintiff has not these he is not entitled to maintain the action. If he has them but does not set them forth, he does not show himself entitled to maintain it. These are simple and just rules, by which these counts must be tested.

The first count sets forth the relation between the parties clearly enough, by alleging that the defendant, from one day to another named, was bailiff to the plaintiff, and during that time had the care and administration of the wood to be sold and made profit of, for the plaintiff; but that is as far as it goes, except that it states that the defendant has not rendered any account, though requested. There is no allegation that any wood has been sold or profit made, nor anything to show there has been anything of the plaintiff's in the hands of the defendant, but the wood, and that may all be there yet, ready for the plaintiff. This count seems to be clearly bad.

The second count sets forth, that the defendant was the receiver of moneys of the plaintiff from a day to a day named, however and by whatever contract accruing for the common use, benefit and profit of both, and during that time received ten thousand dollars, to merchandise with and make profits for both, to render a reasonable account thereof, but states no relation or privity under which the plaintiff so became the receiver, nor that he did merchandise with the money received, or did make any profit. In Co. Litt. 172, it is said, that, "if two joynt merchants occupy their stocke, goods and merchandizes in common, to their common profit, one of them naming himselfe a merchant shall have an account against the other naming him a merchant," &c.: but here that is

not done, nor is it alleged that they were in fact joint merchants or partners. This is quite important and material. The defendant has a right to traverse the relation alleged, and the extent of the right of the plaintiff claimed, and to have the issues tried and settled before judgment to account, and those matters should be alleged in, at least, traversable form, that the defendant may avail himself of the right, which is not here done. Wood v. Merrow, 25 Vt. 340. This count is defective in substance.

The third count, after alleging the partnership of the plaintiff and defendant, charges that they received ten thousand dollars over and above the defendant's just share, but not that the defendant himself had received any more than his share. This may be a mere slip of the pen, in alleging that they received, intending to allege that he received; but, if so, there is nothing to correct it by. As the count stands, there is a plain lack of any allegation that the defendant is in arrear. This count is not good.

The fifth count alleges, that the defendant was bailiff to the plaintiff of an "undivided moiety or share," of certain lands. It is of importance that the right of the plaintiff should be definitely ascertained by the admissions of the pleadings or by trial. It must be definitely alleged before it can be definitely tried. If this allegation had stopped with "moiety" it would have been clear and exact. But the pleader added "or share," so the allegation stands that the defendant was bailiff of an undivided moiety or an undivided share, without stating of which; and, if of the latter, the share may be a moiety, or one of any number of parts into which an estate can be divided. This becomes too indefinite. The words, or share, cannot be rejected as surplusage, for they may be the ones on which reliance is placed, and as definite an allegation as could be made. This count is also bad.

In the sixth count, it is set up that the plaintiff was seized in fee of an undivided moiety of the premises, with the defendant, which the defendant held, as tenants in common. Perhaps the pleader intended to allege that the plaintiff and defendant were tenants in common, each owning a moiety, but if so he has not done so. As the count stands, they are alleged to be tenants in common of a moiety, which does not at all show what the share of either is. And it does not show who owns the other moiety, whether it is either of them or some other person or persons. If some other person, the action could not be maintained at common law, for it only lies between two and not more. Perhaps, however, the statute of the state would remove that difficulty. Gen. St. Vt. p. 344, § 17. But, however that may be, the defect of not stating the shares of these parties remains, and is not of form merely. This count is, likewise, not good.

The action of account proceeds upon the ground that the defendant rightfully had the money for some purpose. The defendant cannot, therefore, be in default until he has refused or neglected to account and deliver, after being called upon by demand or an equivalent. In each of these counts the allegation in that direction is very faint. It is merely, that, although requested, and particularly on a certain day, he refused to account. This may be sufficient, although it hardly seems to be. The counts are judged of upon the other grounds mentioned and not upon this.

The demurrer is sustained, and the first, second, third, fifth and sixth counts are adjudged insufficient.