BENJAMIN FOSTER AND OTHERS v. LEVERETT A. IVES.

*Account. Grange. Married Women. Pleading. Inference.*
*Reference. Gen. Sts. c. 41, s. 13, (R. L. s. 1214)*
*as to Actions of Account, construed.*
*Partnership.*

1. In an action of account, under Gen. Sts. c. 41, s. 13, *married women may be joined as plaintiffs.*
2. The County Court, by force of said statute, has *all the power of the Court of Chancery, in closing up partnership matters,* in an equitable manner.
3. Gen. Sts. c. 41, s. 13, (R. L. s. 1214) account, construed.

ACTION of account. This case was heard on the following report of referees, at the September Term, 1880. Judgment on the report for defendant, Ross, J. presiding.

The referees found : That in the spring of 1875, the plaintiffs and the defendant, all belonging to an organization called Empire Grange, No. 175, of the Patrons of Husbandry, decided to have a store of their own, where they could purchase such goods as are usually kept in a country grocery store, together with others, cheaper than at other country stores. It was agreed that the defendant should be agent of said Grange to order and sell the goods for them at a compensation of two per cent. on all sales made by him,—he also furnishing a store room in which to keep and sell the goods. They commenced businsss in the spring of 1875, and continued for about three years, the goods being mostly purchased from one Crosby of St. Albans, State agent of the " Grangers."

The defendant, as the agent of said Grange, purchased goods to the amount of $4751.05, all of which were sold by him except a small quantity now on hand, amounting in value to $57.16. The freight bills paid by defendant upon said goods amount to $162.08. The defendant claims that he did not sell said goods, owing to the shrinkage thereon, for enough to pay the cost of the same, exclusive of freight bills paid by him. But although we find that the defendant was honest, we also find from the evidence, that he did sell said goods for enough to pay the cost of what he sold, including the freight bills upon all of said goods ; but by reason of his carelessness in keeping the accounts, the amount of sales as shown by the books is too small. We fail to find that he sold said goods

for enough to pay the other expenses and charges in addition to the freight bills.

We find the account between the defendant and plaintiffs stands as follows : . . . . .

We therefore find, subject to the opinion of the court, for the defendant to recover of the plaintiffs $45.17—the balance due him according to the foregoing statement—with interest.

We also find that there are accounts due said Grange, to the amount of $225.09, which, with the goods now on hand, belong to said Grange.

We also find that all of the indebtedness of said Grange has been paid except a debt of $600,—due one Alvin Holden, with interest annually thereon since April 1, 1876. Said indebtedness being for borrowed money to pay for goods.

We also find that two years' interest should be allowed on the balance due said defendant—making in all the sum of $50.59.

The plaintiffs excepted to the report; also, moved to have it recommitted; also, to have a receiver appointed. Motion for receiver was overruled.

*Walker & Goddard* and *Prout & Walker*, for plaintiffs.

The report itself shows that complete justice cannot be done to the parties as the facts stand upon the report. No just judgment can be rendered either way upon the same. 27 Vt. 239 ; 36 Vt. 634. 17 Vt. 242 ; 25 Vt. 624 ; 26 Vt. 164. The motion to recommit filed in this court should be granted so that the case may be put in condition for the court to render such judgment as will do complete justice between the parties. 24 Vt. 149.

*W. H. Smith—Joel C. Baker*, of counsel, for defendant.

All the plaintiffs have a common interest ; hence the common-law action of account can be maintained. *Lapoint* v. *Scott*, 36 Vt. 633. The motion for a receiver was properly overruled. This is not the action of account contemplated by the statute. Gen. Sts. c. 41, s. 13 ; 27 Vt. 239.

This suit in both counts seeks to recover an excess of funds in the hands of the defendant, belonging to the plaintiff, and this is the entire scope of the declaration. For aught the court can know, the business of the co-partnership is and is desired and con-

templated to be continued. There is no suggestion by the plaintiffs of closing the business, while section 13 provides for proceedings to " settle and adjust the co-partnership accounts and dealings ;" and section 14 only adapted to the closing up and making a " final settlement of all co-partnership accounts, matters and dealings, whatsoever."

The opinion of the court was delivered by

TAFT, J. This is an action of account between partners, in favor of many plaintiffs against one defendant. At common law, such an action cannot be maintained, where more than two partners are concerned. *Wiswell* v. *Wilkins*, 4 Vt. 137. The statute of 1852, sec. 13, chap. 41, Gen. Sts., provides that the action of account may be brought " by one or more co-partner or co-partners, to settle and adjust their co-partnership accounts and dealings, making all said co-partners, parties to said action either as plaintiffs or defendants," and the subsequent section confers upon the County Court all the powers of a Court of Chancery in the proceedings brought under said sec. 13. We think this action well brought under that statute ; indeed it could not otherwise be maintained for the reason already given. Some of the plaintiffs are married women, at least are described as such, incapable of suing at common law, but properly joined, we think, under the statute. It does not in terms say that married women may be made parties, but it requires all the co-partners to be so, and as the rights of a *feme covert* partner are protected in equity, and equity powers are given to the court where the action is brought, we think the statute applies as well to the question who may be parties, as to the proceedings subsequent to the process.

By consent of the parties referees were appointed by the County Court, to hear the cause, and decide it according to law ; and they proceeded and took an account of the defendant's transactions as agent of the " Empire Grange," the name of the firm composed of the plaintiffs and defendant, and under which name the business was done, and made report of such transactions alone. The report shows that the Grange is under an indebtedness for which the defendant is, apparently, equally liable with the plain-

tiffs, that it had goods on hand, and accounts due it, which belong to the parties in common, in fact there exist all the concomitant circumstances of an unsettled partnership, and any judgment rendered in the case as it now stands, will not do justice between the parties. The County Court possesses all the authority of a Court of Chancery in the matter, and it is evident that the affairs of the firm should be closed in an equitable manner, the property sold, the debts due it collected, the obligations paid, and if necessary such assessments made upon the solvent members as will meet all its liabilities, either to third parties or among themselves, in other words to completely settle the affairs of the firm as a court of equity would do. That the equity courts can thus proceed is beyond question, 1 Story Eq. Jur. s. 504, and by the statute referred to, the County Court can proceed in the same manner.

We think that instead of rendering judgment upon the report, the judgment of the County Court should be reversed, and the cause remanded, that the case may be disposed of in accordance with the views herein expressed.

The counsel for the defendant make the point that the co-partnership may still be transacting business, and desire and contemplate its continuance, that the case shows but two parties, the plaintiffs, as one member of the firm, and the defendant as the other, and that the case does not purport to seek any benefit from the statute above mentioned, and cites the case of *Lapoint* v. *Scott*, 36 Vt. 633. That case was correctly decided, standing as it did upon a motion to dismiss; but in the case at bar the facts are found by the referees, that the parties to this action, the several plaintiffs and defendant, were partners in the Grange, that the enterprise was not a success, and assign the causes of its failure. We think it a fair inference from such findings that the business of the firm has ceased, and that all that now remains to be done is to settle the affairs of an insolvent partnership, in the manner above indicated, and to enable the court so to do, the judgment of the County Court is reversed, and case remanded.