*L. L. Scaife*, for the plaintiff.

---

GEORGE JEPSON *vs.* JAMES KILLIAN & others.

Suffolk.   March 19, 1890. — June 20, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Joint Contractors — Survivorship — Sharing of Profits.*

One of several joint contractors, having rendered some services in securing and in performing the contract, died very shortly after it was made, and his fellow contractors went on and completed nearly all the work without his aid.  *Held*, that his estate was entitled to share in the profits realized from the contract, deducting therefrom the cost of extra services the employment of which was made necessary by his death.

HOLMES, J.   This is a bill in equity for an account, brought by the administrator of one Putterill, seeking to recover a share of the profits arising from the performance of a contract by which the deceased and the defendants undertook to put in a brick conduit and to make certain excavations for the Boston Heating Company.  The answer admits the contract, and the master finds that the deceased rendered some services in securing and in performing it.  But he died very shortly after it was made, and the defendants went on and did nearly all the work without his aid.

The main contention of the defendants is, that Putterill's death put an end to his interest in the contract, and that his administrator is not entitled to any part of the profits.  But nothing appears in the pleadings or in the master's report to take the contract with the Heating Company out of the general rule

that the survivors must account with the representative of their deceased fellow contractor for his interest. It does not appear that, even as between the deceased and the Heating Company, his estate did not remain liable for the performance of the contract. But whether it did or not, it was liable, so far as appears, to make good its share of any loss to the defendants, and was entitled to share in any gain. *Schenkl* v. *Dana*, 118 Mass. 236. *King* v. *Leighton*, 100 N. Y. 386, 393, 394. *McClean* v. *Kennard*, L. R. 9 Ch. 336. *Newell* v. *Humphrey*, 37 Vt. 265, 270. See *Freeman* v. *Freeman*, 136 Mass. 260, and 142 Mass. 98.

However the value of Putterill's interest would have been ascertained had the question arisen before performance, there is no doubt that, as the defendants have gone on and have performed the contract, his estate has a right to share the profits realized. The master's ruling to that effect is correct, and the defendant's exceptions thereto must be overruled. *McClean* v. *Kennard*, L. R. 9 Ch. 336. *King* v. *Leighton*, 100 N. Y. 386.

The report opens no other question. The master finds that Putterill's death made it necessary to employ the plaintiff in his private capacity, and has deducted the cost of his service from Putterill's share. This appears to be proper, and is not excepted to. The master makes no further allowance to the defendants, and there is nothing to show, as matter of law, that he ought to do so. See *Schenkl* v. *Dana*, 118 Mass. 236, 239; *Robinson* v. *Simmons*, 146 Mass. 167, 177.

*Exceptions overruled. Decree for the plaintiff.*

*J. H. Butler*, for the defendants.

*H. E. Ware*, for the plaintiff.