## TRENOR L. PARK *v.* DANIEL McGOWEN AND L. S. NORTON, ADMR.

*Partnership. Action of account. Deceased partner.
Declaration.*

1. A partner may under R. L. ss. 1214, 1215 sustain the action of account against a surviving partner and the administrator of a deceased partner.
2. The declaration in such a suit need not allege that the administrator has received property belonging to the estate or to the firm.

Action of account. Heard on general demurrer to the plaintiff's declaration at the December term, 1890, Bennington county, Taft, J., presiding. The demurrer was sustained and the plaintiff excepted.

*Batchelder & Bates* and *O. M. Barber,* for the plaintiff.

The action of account takes the place of a bill in chancery and will lie against an administrator. *Newell, Admr.* v. *Humphrey,* 37 Vt. 268; *Richards* v. *Dagget et al.,* 4 Mass. 537; *Ryegate* v. *Wardsboro,* 30 Vt. 746; *King* .v. *White,* 21 Atl. Rep. 135; *Wyman* v. *Wilcox's Estate,* 21 Atl. Rep. 1104.

*Sheldon & Cushman,* for the defendant.

At common law the action of account did not lie between more than two partners nor against the representatives of a deceased partner. The statute has not modified the common law in the latter respect. *Foster* v. *Ives,* 53 Vt. 460; *Curtis* v. *Curtis,* 13 Vt. 517.

MUNSON, J.   This case presents the question whether by virtue of R. L. 1214, 1215, the action of account can be maintained by one partner against another surviving partner and the administrator of a deceased partner.   At common law this action could not be maintained where there were more than two partnership interests.   Section 1214 extends the remedy to accountings among three or more partners, but does not in terms authorize the suit where one partnership interest is represented by an administrator.   But s. 1215 empowers the County Court to make in these cases such interlocutory and final decrees as the Court of Chancery could make in the settlement of partnership matters, and to enforce its judgments in any manner in which the Court of Chancery could enforce decrees of like import.   In view of the remedial purpose of the Legislature, and of the full chancery powers conferred upon the County Court to that end, we think the statute may properly be held to authorize this suit.

It is not essential that the declaration contain an allegation that the administrator has received property belonging to the estate of the intestate or to the firm.   The purpose of the suit, as against the administrator, is to charge the estate of his intestate with whatever the intestate may have received from the partnership above his just proportion ; and the plaintiff's right to have such excess ascertained and put into judgment does not depend upon what the administrator may have received.

*Judgment reversed, demurrer overruled, declaration adjudged sufficient, and cause remanded.*