## *Re* ROBERT T. PARSON'S EST.; CATHERINE M. DAVIS, Appellant, PARSONS *et al.*, Appellees.

*Committee to divide estate of deceased person. R. L. s. 2259. Direction of statute must be followed.*

1. A committee appointed by the Probate Court to make partition of the real estate of a deceased person, must act strictly within the statute or their proceedings will be void.

2. Where the estate of the decedent lies in common with other real estate, it is the duty of the committee to first sever the estate which they are to divide from that with which it lies in common, R. L. s. 2259; and the fact that all the parties in interest request them to proceed otherwise, will not justify the committee in departing from the direction of the statute. If they do, their report can have no effect as a decree of the Probate Court, however it may stand as an award of arbitrators.

Appeal from an order of the Probate Court for the district of Fair Haven. Heard at the March term, 1890, Rutland county, Taft, J., presiding, upon a motion to dismiss the appeal and a demurrer to the plea in bar. *Pro forma*, the motion was overruled, and the demurrer sustained.

The appellant excepts.

*Geo. M. Fuller*, for the appellant.

The decree of the Probate Court in this case would be conclusive against the appellant unless she appealed, hence she has such an interest as entitles her to an appeal. *Adams* v. *Adams*, 22 Vt. 50; *Boyden* v. *Ward*, 38 Vt. 628; *Ball* v. *Nichols*, 15 Vt. 329; Freeman Judg. s. 319; R. L. s. 2270.

And this is true although the act of the Probate Court was void. *Shumway* v. *Shumway*, 2 Vt. 339.

The alleged agreement of the appellant as to the partion of this real estate cannot be shown by parol. *Buck* v. *Kettles*, 49 Vt. 288; Brown St. Fr., s. 263; *Hodgers* v. *Eddy*, 41 Vt. 485.

*John Howe* and *H. A. Harman*, for the defendant.

The committee in making partition must follow the statute strictly. *Collamer* v. *Hutchens*, 27 Vt. 733 ; *Cox* v. *Ingleston*, 30 Vt. 258.

They should have severed the lands belonging to the estate which lay in common. R. L. s. 2259.

The action of the committee was illegal unless assented to by the appellant. *Oram* v. *Young*, 18 N. J. Law 54; *Cox* v. *Ingleston*, 30 Vt. 258 ; *Camp* v. *Camp*, 59 Vt. 667.

But these tenents in common might make partition among themselves, or agree that the committee should do so for them, and such an agreement need not be in writing. *Price* v. *Weaver*, 13 Gray 272; *Walker* v. *Richards*, 39 N. H. 259; *Mellow* v. *Reed*, 114 Pa. St. 649 ; *McKnight* v. *Bell*, 135 Pa. St. 358.

The opinion of the court was delivered by

THOMPSON, J. This is an appeal from the judgment of the Probate Court for the district of Fair Haven, accepting and approving the report of the committee appointed by said court to divide and make partition of the real estate of Robert T. Parsons late of Castleton in said district, deceased, to and among the persons entitled thereto. A part of this real estate lay in common and undivided with other real estate vested in the heirs of the late John C. Parsons, as tenents in common, of whom the said Robert T. Parsons was one. The heirs and representatives of the two estates are not identical. The appellant, Catherine M. Davis, is not an heir of Robert T. Parsons, but is an heir of said John C. Parsons, and one of the owners, as tenant in common, of the real estate vested in his heirs. It was the duty of the committee to first divide and sever the estate of Robert T. Par-

sons, from the estate with which it lay in common. R. L. s. 2259. The committee in their report to the Probate Court say: "This course appeared so prejudicial to all concerned that it was unanimously desired by all in interest, and it was so agreed, that we in some way divide and distribute the real estate of both these estates among the heirs thereto, according to their respective interests in each. We were then confronted by a claim of John Parsons to about forty-three acres near the center of the original home farm of John C. Parsons, based upon a parol agreement with said John C. Parsons followed by fifteen years adverse possession. This was submitted by the agreement of all the parties to us for examination and decision. Three days were spent in hearing the evidence and arguments of counsel. In our judgment the claimant failed to establish a title to the premises by adverse possession and we so adjudged the matter." It further appears from their report that the committee, without severing the real estate of the two estates lying in common, proceeded to make partition of the real estate belonging to the estate of Robert T. Parsons and to the heirs of John C. Parsons, among some of the heirs of the respective estates, in such manner as the committee in their judgment deemed equitable. They did not, however, divide and partition any of the real estate belonging either to the estate of Robert T. Parsons or to the heirs of John C. Parsons, to the appellant, but they divided and partitioned her share of the real estate vested in the heirs of John C. Parsons, to one Richard H. Walker upon the condition that he pay to her the sum of $111.75.

It thus appears that the committee did not attempt to act under the authority of their appointment by the Probate Court, but wholly under the alleged agreement of the parties constituting them arbitrators in respect to the matters named. Their so-called report is therefore simply their award in the premises. The Probate Court had no power by statute to permit such a reference or submission, nor to ratify it by confirming the award

when made under it. In short the Probate Court had no jurisdiction in respect to the alleged submission or award, and its judgment accepting and approving the award is void. If the award has any effect between the parties, which we have no occasion to decide, it must rest solely upon their agreement to submit, and the action of the arbitrators as such. The Probate Court having no jurisdiction in this matter, the County Court had none, and the appeal should have been dismissed for want of jurisdiction. R. L. s. 2268.

This view of the case renders it unnecessary to consider the so-called plea in bar and demurrer thereto.

*Judgment reversed. Cause dismissed for want of jurisdiction. Judgment to be certified to Probate Court.*