ARTHUR STEVENS et al. *vs.* LOUIS COBURN.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and
WATSON, JJ.

Opinion filed March 4, 1899.

*Jurisdiction—Action of Account.*—An action of account at common law
cannot be maintained to settle partnership matters between three or
more partners having separate and distinct interests.

*V. S. 1451, 1452.*—V. S. 1451, 1452, conferring jurisdiction in such cases
upon the county court do not extend that jurisdiction to justice courts
nor to the city court of Montpelier.

*Declaration Construed.*—The declaration is construed as meaning that the
nineteen plaintiffs and one defendant held each a one-twentieth interest,
rather than that the plaintiffs represent one moiety and the defendant
another. If the latter be the fact the declaration is subject to amend-
ment and the action may, perhaps, lie.

ACTION OF ACCOUNT. Heard upon motion to dismiss for
want of jurisdiction, and demurrer to the declaration, at
the September term, 1898, Washington county, *Start*, J.,
presiding. *Pro-forma* judgment denying the motion and
overruling the demurrer. The defendant excepted.

The declaration alleged among other things that the
plaintiffs and the defendant "were associated together as
partners and tenants in common in an organization
known as the Young Peoples Independent Club of North
Montpelier, Vermont, in which the plaintiffs, and the
defendant were mutually interested;" and further that the
defendant "agreed to render to the plaintiffs a just and true
account of all moneys so received by the defendant for the
mutual benefit of the plaintiffs and the defendant, and to
pay the same to the plaintiffs upon request."

*John J. Wing* for the plaintiff, contended that the
declaration should be construed as alleging that the

plaintiffs represented one interest and the defendant another, so that there were really but two parties.

*T. G.* and *E. H. Deavitt* for the defendant.

TAFT, C. J. This is an action of account in favor of nineteen partners against a co-partner, brought in the city court of Montpelier, and the sole question is, had the city court jurisdiction? It has "jurisdiction of all matters of a civil nature" if "the debt or other matter in demand does not exceed five hundred dollars." Acts 1896, No. 149, § 5. Actions of account are of a civil nature. An action of account at common law cannot be maintained to settle partnership matters between three or more partners having separate and distinct interests, for the reason that no separate judgments can be rendered in such an action. The remedy is in equity. The county court has such jurisdiction given it by V. S. 1451, 1452. These sections do not extend such jurisdiction to justice courts, *LaPoint* v. *Scott,* 36 Vt. 633, nor to the city court in Montpelier. That that court has no jurisdiction between three or more partners having diverse interests, is fully sustained by *Wiswell* v. *Wilkins,* 4 Vt. 137, and *La Point* v. *Scott, supra.*

If the nineteen plaintiffs represent one interest and the defendant another, in moieties, it is likely the action may lie. But we do not give the declaration that construction, but consider that each of the nineteen plaintiffs and the defendant are equal in interest each with the other. The declaration can be amended in the respect named if the plaintiffs are so advised. Therefore the case may be remanded.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient and cause remanded.*