MARIA H. HODGES'S ADMR. *v.* EUGENE H. HODGES'S ESTATE.

February Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Probate Courts—Action of Account—Jurisdiction—Appellate Jurisdiction of County Courts—No. 86, Acts 1915.*

At common law the action of account does not lie where more than two parties having separate and distinct interests are concerned, the remedy being in chancery, for the reason that a court of law cannot render several and distinct judgments in one action.

By P. S. 1806-1807 the county courts are given original and exclusive jurisdiction of such action in courts of law, with all the powers of a court of chancery, and so the probate court has no jurisdiction of an action of account by way of a proof of claim against a decedent's estate, where more than two parties having separate and distinct interests are concerned, and therefore the county court has none on appeal.

No. 86, Acts 1915, giving the county courts concurrent law and equity jurisdiction in all causes appealed from the probate court, and providing that the presiding judge of the county court may make rulings, orders, and decrees in such cases as a chancellor might, does not enlarge the original jurisdiction of the probate court, and so does not give the county court appellate jurisdiction of an appeal from the probate court in an action of account by way of proof of claim against a decedent's estate, where more than two parties having separate and distinct interests are concerned, and whereof the probate court did not have original jurisdiction.

APPEAL from a decision of the probate court disallowing the claim of plaintiff, as administrator of the estate of Maria H. Hodges, presented to the commissioners on the estate of Eugene H. Hodges, Rutland County, March Term, 1915, *Waterman, J.,* presiding.

The declaration filed in the probate court in taking the appeal is in account, setting forth that Maria H. Hodges, Eugene H. Hodges, and one Edward W. Hodges, were tenants in com-

mon, each owning an equal undivided one-third share or interest of and in certain real estate and personal property, consisting of, etc.; whereof Eugene H. Hodges, from the first day of September, 1888, to the time of his decease, had the possession, management, and control for the joint benefit and advantage of himself and his cotenants, as bailiff, and received to himself the whole use, interest, rents, income, products, and proceeds, and more than his just proportion thereof.     Yet though often requested, no account thereof was rendered by Eugene H., in his lifetime, nor after his decease, by his administrator, etc.

This declaration was a part of the appeal papers filed in the county court.   In that court the defendant moved to dismiss the appeal upon the ground that the declaration filed was for an accounting, which was a statutory action so far as the county court had jurisdiction, and that the jurisdiction of that court was original only, not appellate.   The motion was granted *pro forma.*   An exception was taken, and thereon the case is here for consideration.

*Walter S. Fenton* for the plaintiff.

*Marvelle C. Webber* for the defendant.

WATSON, J.   At common law the action of account does not lie where more than two parties, having separate and distinct interests, are concerned, the remedy being in a court of chancery, for the reason that a court of law can not render several and distinct judgments in one action.   *Wiswell* v. *Wilkins,* 4 Vt. 137; *Brinsmaid* v. *Mayo,* 9 Vt. 31; *Wood* v. *Merrow,* 25 Vt. 340; *Newell* v. *Humphrey,* 37 Vt. 265; *Stevens* v. *Coburn,* 71 Vt. 261, 44 Atl. 354.   But by statute (P. S. 1806) the action of account may be maintained where there are more than two parties having such interests, to settle and adjust their accounts and dealings; and by section 1807, the county courts shall hear and determine such actions, and make such orders and decrees, interlocutory or final, as will enable such courts to do complete justice, and such as the court of chancery could make in the decision and final settlement of like accounts, matters, and dealings—in other words, the county courts are there given original and exclusive jurisdiction of such actions in courts of law, with all the powers

of a court of chancery to do complete justice in the premises. *Kendrick* v. *Tarbell*, 27 Vt. 512; *LaPoint* v. *Scott*, 36 Vt. 633; *Foster* v. *Ives*, 53 Vt. 458; *Park* v. *McGowen*, 64 Vt. 173, 23 Atl. 855; *Stevens* v. *Coburn*, cited above. And there being more than two tenants in common with separate and distinct interests, the probate court did not have jurisdiction. *King* v. *White & Hammond*, 63 Vt. 158, 21 Atl. 535, 25 Am. St. Rep. 752.

Since the probate court had no jurisdiction, the county court had none on appeal. *Adams* v. *Adams*, 21 Vt. 162; *In re Parsons' Estate*, 64 Vt. 193, 23 Atl. 519; *Mathewson* v. *Mathewson*, 81 Vt. 173, 69 Atl. 646, 18 L. R. A. (N. S.) 300.

It is said, however, that No. 86 of the Laws of 1915, fully meets every objection raised by the defendant, since by that Act the county court is given concurrent law and equity jurisdiction in all causes appealed from the probate court, and the presiding judge of the former court may make rulings, orders, and decrees in such causes in as ample a manner as a chancellor might, if such causes were instituted, heard and determined in a court of chancery. Yet original jurisdiction in the probate court is essential to appellate jurisdiction so given; and the original jurisdiction of the probate court not being enlarged, the question here raised is not affected.

*Judgment affirmed. To be certified to the probate court.*