JOHN WATSON *v.* F. M. PAYNE, APT.

May Term, 1920.

Present:  WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Assistant Judge as Justice of the Peace—Disqualified to Try Case Appealable to County Court—Void Judgment Cannot Be Ratified—Void Proceedings Can Be Attacked at Any Time.*

1.  Where a case is appealable to the county court, an assistant judge of the county court has no authority, under section 28, chapter 2 of the Constitution, to try such case as a justice of the peace.

2.  A judgment rendered by an assistant judge of the county court as a justice of the peace in a case appealable to the county court is void, and is incapable of being made good by confirmation, waiver, or ratification by the parties.

3.  In such case, all the proceedings before the assistant judge are *coram non judice*, and void, and subject to attack at any stage of the proceedings, either before the justice or in the appellate court.

ACTION OF CONTRACT appealed from the judgment of a justice of the peace.   The justice who tried the case was a justice of the peace solely by virtue of his office as one of the assistant

judges of the Bennington county court. Trial by jury at the December Term, 1919, Bennington County, *Chase,* J., presiding. Verdict for the plaintiff. After verdict the defendant moved to dismiss the action because the justice of the peace who tried the case did not have jurisdiction to hear and determine the same. The motion was granted. The plaintiff excepted.

*Holden & Healy* for the plaintiff.

The disqualification of a justice may be waived. *Moses* v. *Julian,* 45 N. H. 52; *Fowler* v. *Brooks,* 64 N. H. 423; *Reed* v. *Stockwell,* 34 Vt. 206; *Maxfield* v. *Scott,* 17 Vt. 634.

*Collins M. Graves* for the defendant.

SLACK, J. The action is contract. It was commenced before a justice of the peace. From a judgment for the plaintiff the defendant appealed to the county court, where, after verdict against him, he moved to dismiss the case on the ground that the justice did not have jurisdiction to try and determine the same, because of the limitation upon his authority contained in the last clause of section 28 of chapter 2 of the Constitution. That part of said section material to the question before us is as follows: "Justices of the Supreme Court shall be Justices of the Peace throughout the State; and the several Judges of the County Court, in their respective counties, by virtue of their office, except in the trial of such causes as may be appealed to the County Court."

The justice of the peace who tried this case and rendered judgment therein held that office at the time solely by virtue of this constitutional provision, and the fact that he was an assistant judge of Bennington county court.

[1] The case was appealable to county court, and, that being so, the justice had no authority to try and determine it. Indeed, this is not seriously questioned; but the plaintiff says that the defendant waived his right to raise this question at the time when he did. That depends upon whether the trial and rendition of judgment by the justice were mere irregularities, and voidable only, or were absolutely void.

While this provision of the Constitution has not been considered by this Court before, nor, so far as we can find, has a

like or similar provision been before the courts of other states; numerous cases are to be found where the effect of disqualifying provisions, like interest in the litigation, relationship to the litigants, etc., have been passed upon, and those cases are helpful in determining this case.

At common law a judge who was interested in the action, or was of kin to either party, was considered disqualified to sit in the cause; but his judgment therein was generally treated as erroneous only, and not void, and the objection might be waived by the parties, either expressly or impliedly by proceeding to trial with knowledge of the facts. Freeman on Judgments, pars. 144, 145; *Moses* v. *Julian,* 45 N. H. 52, 84 A. D. 114, and cases cited. But where it is expressly declared by constitutional or statutory provision that in certain specified cases a judge shall not sit or shall not act, or shall take no part in the decision, the authorities are almost uniform to the effect that any judgment rendered by such judge in such case is *coram non judice,* and void. *Bates* v. *Thompson et al.,* 2 D. Chip. 96; *Hill* v. *Wait,* 5 Vt. 124; *Richardson* v. *Welcome,* 6 Cush. (Mass.) 331; *Sigourney* v. *Sibley,* 21 Pick. (Mass.) 101, 32 A. D. 248; *Gay* v. *Minot,* 3 Cush. (Mass.) 352; *Hall* v. *Thayer,* 105 Mass. 219, 7 A. R. 513; *Oakley* v. *Aspinwall,* 3 N. Y. 547; *People* v. *Whitridge* 144 App. Div. 493, 129 N. Y. Supp. 300; *People* v. *Connor,* 142 N. Y. 130, 36 N. E. 807; *McIntosh* v. *Bowers,* 143 Wis. 74, 126 N. W. 548; *Case* v. *Hoffman,* 100 Wis. 314, 72 N. W. 390, 74 N. W. 220, 75 N. W. 945, 44 L. R. A. 728; *Horton* v. *Howard,* 79 Mich. 642, 44 N. W. 1112, 19 A. S. R. 198; *Seabrook* v. *First National Bank* (Tex. Civ. App.) 171 S. W. 247; *Lee* v. *British-American Mort. Co.,* 51 Tex. Civil App. 272, 115 S. W. 320; *Gulf, C. & S. F. Co.* v. *Looney,* 42 Texas Civil App. 234, 95 S. W. 691; *Fechheimer* v. *Washington,* 77 Ind. 366; Freemen on Judgments, par. 146.

[2] Such judgment is therefore incapable of being made good by confirmation, waiver, or ratification on the part of those interested. See cases cited above. Because, where no jurisdiction exists by law, it cannot be conferred by consent or waiver, especially against the prohibition of a law which was designed not merely for the protection of the parties to a suit, but for the general interest of justice.

The same rule has been applied when the disqualified judge has acted simply as one of a bench composed of several judges,

even though his vote was not necessary to a decision. *Oakley* v. *Aspinwall, supra; Converse* v. *McArthur,* 17 Barb. (N. Y.) 410; *Reg.* v. *Justices,* 6 Q. B. 753; Id., 18 Q. B. 416; *People* v. *Bork,* 96 N. Y. 188. The reason stated in *Oakley* v. *Aspinwall* is that, ''Whatever a party may consent to do, the state cannot afford to yield up its judiciary to such attack and criticism as will inevitably follow upon their decisions made in disregard of the prohibitions of the law.'' This rule seems to us to be founded upon reason and justice, and in fact to be the only safe rule to follow.

The justice of the peace who tried this case was as clearly without authority to do so as he would have been had the Constitution expressly declared that he should not sit, or act, or take part in such trial. He was a justice of the peace, under the Constitution, except in the trial of such causes as might be appealed to the county court.

[3] In the trial of such causes he was not a justice of the peace, he was a mere usurper, and the proceedings before him were *coram non judice,* and void; and liable to attack at any stage of the proceedings, either before the justice or in the appellate court. *Hodge's Admr.* v. *Hodge's Est.,* 90 Vt. 214, 97 Atl. 676; *Richardson* v. *Welcome, supra; Oakley* v. *Aspinwall, supra; Aulanier* v. *Governor,* 1 Tex. 653; *Baker* v. *Chisholm,* 3 Tex. 157; and other cases cited above.

*The motion to dismiss was properly granted, and the judgment is affirmed.*