IN RE LOTTIE L. FISHER'S ESTATE.

October Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 4, 1931.

*W. C. Lindsay* for appellant.

*Frank C. Williams* for appellee.

POWERS, C. J.   Lottie L. Fisher died intestate in December, 1908, leaving a husband, Edgar, and several children.   At the time of her death, she owned certain real estate which had been occupied by the family as a homestead.   Edgar remarried, and thereafter resided on the place referred to until his death in August, 1930.   His children and the second wife survived him. No administration was taken out on the estate of Lottie L. until more than twenty years after her decease, when Arthur W. Fisher, a son, was appointed her administrator.   Commissioners were appointed, but no debts were allowed.   A decree of distribution was made by the probate court from which the second wife, who had been appointed administrator of Edgar's estate, acting as such and in her own behalf, appealed directly to this Court.

■ ■ The appellant attempts to obtain a review of certain exceptions saved during the hearing in the probate court.   But assuming that such questions are available on a direct appeal, they must be presented by a bill of exceptions allowed and signed by the judge of probate, and brought up by and with the appeal.   These direct appeals are taken like chancery appeals, G. L. 3451, wherein a bill of exceptions is required to bring trial errors before this Court.   *Clifford* v. *West Hartford Creamery Co.,* 103 Vt. 229, 237, 153 Atl. 205.

■ This leaves nothing to be decided except the validity of the decree.   But if, as the appellant contends, the probate court was without jurisdiction to render this or any other decree in the premises, we would dismiss the proceedings; for our jurisdiction depends upon that of the probate court.   *Hodges' Admr.* v. *Hodges' Estate,* 90 Vt. 214, 216, 97 Atl. 676.

■ By G. L. 3177, the probate courts of the State are clothed with original and plenary jurisdiction over the settlement of the estates of deceased persons.   Subject to the right of the heirs and beneficiaries to pay the debts and divide the property between themselves, without the intervention of the court, *Babbitt* v. *Bowen,* 32 Vt. 437, 439, this jurisdiction is exclusive.   It is not lost by lapse of time, nor can the court by its inactivity or otherwise divest itself of it.   Nothing short of an act of the Legislature can destroy it.   It continues until the work is completed by a final decree.   Nothing here done or

omitted has affected the right of the probate court to assume jurisdiction of Lottie Fisher's estate and to exercise it until final decree. The surviving husband, Edgar, gained no rights by his occupancy after her decease. His possession was under an arrangement with the children, and so was not adverse, but permissive, and would not ripen into title however long continued. *Lathrop* v. *Levarn,* 83 Vt. 1, 4, 74 Atl. 331; *Partch* v. *Spooner,* 57 Vt. 583, 589; *Barber* v. *Bailey,* 86 Vt. 219, 223, 84 Atl. 608, 44 L. R. A. (N. S.) 98; *Davis* v. *Union Meeting House Society,* 93 Vt. 520, 526, 108 Atl. 704.

*Decree affirmed. Let the result be certified to the probate court.*