*Windsor,*
February,
1827.

## JOHN MITCHELL *vs.* LEVI WALKER.

In this state, in analogy to the statute of limitations, a prescriptive right, or more properly, the presumption of a grant to incorporeal hereditaments, arises from fifteen years occupancy and possession adverse to the owner or proprietor.

Use and occupancy, accompanied by a *claim of right* on the part of the possessor, constitute an adverse possession; and it is immaterial whether the right is claimed to have been derived from him in whom the right was, and who afterwards seeks to enforce it, or from another; but if from the former, it must (it would seem,) have been accompanied also with his acquiescence.

But possession and use for 15 years under a claim *as tenant,* would not, perhaps, raise the presumption of a durable lease:

It would seem that a conditional grant may be presumed; and if the right claimed is independent of an incidental duty, there is no doubt but that such right, accompanied by such duty, may be presumed.

If a party prescribing for a right, has, within fifteen years before action brought, acknowledged the claim of the plaintiff, though he did it under a mistake of his own rights, the presumption of a grant is rebutted.

THIS was an action on the case for taking water from the pent-stock of the plaintiff's flume, for the use of a *fulling-mill,* &c. The action was tried on the general issue, at the December term of Windsor county court, 1826, and a verdict was entered for the defendant.

On that trial, the plaintiff adduced testimony tending to prove all the facts set forth in his declaration, in doing which, he read in evidence, in support of his title to the *locus in quo,* a record of the division of the estate of *Daniel Gilbert,* deceased, assigning the premises described in the declaration to *Jerusha Gilbert,* a daughter and heiress of the said *Daniel,* and a deed thereof from her to the plaintiff.----Also, an indenture of lease, dated January 30th, 1818, between the said Daniel Gilbert and one *Amos Hatch,* wherein the former, in consideration that the latter covenanted to pay, or cause to be paid, to the said Daniel, his heirs and assigns, an equal portion in labour in repairing the mill-dam, when demanded, granted, demised and let to the said Hatch, his executors, administrators and assigns, the right and privilege of the water to be taken from the flume of the grist-mill, (which the said Daniel then owned,) for the purpose of carrying one or more *carding machines,* in his the said Hatch's clothier's shop. To have and to hold the same from the date thereof, for and during the full term of nine hundred and ninety-nine years.

The defendant then offered to prove that he and those under whom he claims, have, for thirty years, or since the year 1797,

Windsor
February,
1827.

Mitchell
vs.
Walker.

had and enjoyed the right of using the water as the plaintiff complains of his now using it, they doing one fourth part of all necessary repairs upon said dam. This evidence was objected to by the plaintiff, as proving no right in the defendant, but only a mere tenancy to the plaintiff, and a conditional right is not the subject of prescription. But the Court admitted said testimony, and the same went to the jury tending to prove said facts----among which was the evidence of *Stephen Parsivel*, contained in his deposition;----in which the witness stated, in substance, that he formerly purchased the *locus in quo* of *Jasper Murdock*, and owned and occupied the mills about seven years; that *Thaddeus Walker* then owned the clothier's works below the mills, and took water for his works from the flume, and did one quarter of the repairs of the dam :----that this was then understood to be Walker's right. That when he purchased, *Murdock* told him that *Walker* had the right to draw water, as above stated, and the witness understood that he had a writing to that effect. That *Murdock* further informed the witness, that his first agreement with *Thaddeus Walker* was, that he was to put the clothier's works *between* the two mills, in which case *Walker* was to give fifty dollars, and support one quarter of the dam; but thinking the works, if located between the mills, would be a damage to them, he told *Walker* that if he would put them below both mills, and take the water from the flume in a pent-stock, he should be welcome to erect them there, and that he should have the water for his works by supporting a quarter part of the dam. That he understood, from both *Jasper Murdock* and *Thaddeus Walker*, that so long as said *Walker* supported one quarter part of said dam, he had a right to draw water sufficient for his works;----that Walker did support his share of the dam so long as the witness remained there, (about seven years,) and he never supposed he had a right to hinder Walker from drawing water at any time. Another witness for the defendant testified that *Thaddeus Walker*, who built the fulling-mill, first agreed to give fifty dollars for the right of erecting it nearly between the saw-mill and grist-mill; but he built further south, upon the rocks----and afterwards said he ought not to pay the fifty dollars, because it cost him more to build it where he did than it would have cost between the saw-mill and grist-mill.

To rebut which testimony, the plaintiff produced evidence which went to the jury, tending to prove that said *Thaddeus Walker* did in fact agree to give fifty dollars for the right of erecting his said fulling-mill; and that when said mills were sold by *Jasper Murdock* to *Stephen Parsivel*, it was agreed between said *Murdock* and *Parsivel*, that upon said *Thaddeus Walker's* paying said fifty dollars and the interest, said *Parsivel* should convey to said *Thaddeus Walker* what he had contracted with Murdock for, and then he was to have the use of the water by supporting one fourth part of the dam.----Also, that in the year 1811, in October, the right of said *Walker* had passed to

Windsor,
February,
1827.

Mitchell
vs.
Walker.

one *Comfort Hamilton* ; and one *Constant Murdock*, brother of said *Jasper*, owned one half of said premises now owned by the plaintiff, and had the care of the other half as administrator on the estate of said *Jasper* ;---and that said *Parsivel* and *Thaddeus Walker* had made no settlement----That said *Thaddeus* had not paid said fifty dollars, nor interest for the same ; nor had said *Parsivel* conveyed to said *Thaddeus* as above mentioned :----and said *Constant* claimed of said *Hamilton* a fulfillment of said contract; and accordingly said *Hamilton* agreed to pay said fifty dollars, and interest from the time when said fulling-mill was built, which was in the year 1797 ; but, before the writings were executed, *Comfort Hamilton* sold his right to his brother, *Jude Hamilton*----That said *Jude* refused to fulfil the said agreement made by said *Comfort*, alleging that he and those under whom he claimed had obtained a title by possession---That said *Constant Murdock* took advice, and concluded to stop the water from running to said fulling-mill, and went to the flume for that purpose; and the said Jude, perceiving that the water would be so stopped, proposed that he would relinquish the old contract, and pay yearly rent for the use of the water, if said *Constant Murdock* would accept said *Comfort Hamilton* as paymaster for the rent, which was agreed upon, and the rent stipulated at twenty or twenty-five dollars a year, for a year certain, or so long as said *Constant* would let it run ; and said *Comfort* became holden for said rent to said *Murdock*, who, the next July, sold the mills to a Mr. *Marsh*, who was to have the benefit of said contract.

And the defendant produced testimony tending to prove that the said *Hamiltons* made such agreements and contracts from a mistake of the facts and their rights, and that said *Hamiltons* and the owners of said clothier's shop have ever since made one quarter of the repairs of said dam. The defendant thereupon requested the Court to charge the jury that if they found it proved that said *Hamiltons* had made said agreements and promises from a mistake of the facts and of their rights, they were of no effect.

The court charged the jury, that to entitle the plaintiff to recover, it must appear that he had sustained damage from the acts of the defendant. That if the defendant and those under whom he claimed, had used and improved the water, claiming right thereto, for more than 15 years, doing one fourth of the repairs to the dam, the law presumed a grant of the right. That if the Hamiltons made the contract or agreement as referred to in this case, under a mistake of the facts and their rights, although such agreement was made before the expiration of fifteen years from the commencement of the use of the water by *Walker*, under whom they claim, such agreement was of no effect, and would not remove the presumption of an original grant of the right. That if, at the time the deed to the plaintiff was executed, the defendant, or those under whom he

claimed, was in the use and occupation of the water, claiming *Windsor,* right thereto, yet the deed was not void under the statute, as *February,* against the right so claimed. *1827.*

To which opinions the plaintiff excepted.  The exceptions *Mitchell* being allowed, and sent to this Court, the plaintiff now moves *vs.* that the judgment below be reversed, and for a new trial, for *Walker:* reasons apparent in the exceptions aforesaid.

The case was argued by *Hutchinson,* for the plaintiff, and by *Collamer* for the defendant, who cited 2 *Dane,* 719, 726.----1 *Phil. Ev.* 121, 123, *note.*----3 *Dane,* 504.----7 *John.* 5.----11 *Do.* 456.---1 *Caines' Ca.* 84.----4 *Term R.* 682.----*Roberts on Frauds,* 130, 135.---*Cro. Car.* 405.----*B. N. P.* 59.----*Cro. Eliz.* 593.---- 5 *Co.* 786.---2 *H. Bl.* 224.---2 *Con. R.* 693.---11 *East.* 284.---- *Cowp.* 109.

The opinion of the Court was pronounced by

SKINNER, Ch. J.   It is insisted by the plaintiff's counsel, that to acquire a prescriptive right, the exercise and enjoyment thereof for no period of time short of that recognized by the ancient common law, *i. e. time whereof the memory of man runneth not to the contrary,* is sufficient.

That the principle of presuming a grant by fifteen years' possession and use, applies to *adverse* possession, and not to possession received from and held under the owner.   That the evidence in this case shows the possession of the defendant and those under whom he claims, to have been a tenancy under the plaintiff and his grantors, and the repairs to the dam are in the nature of, and to be considered as rent.

By repeated decisions of this Court, the law at this time must be considered as well settled here as in England, that in analogy to the limitation of twenty years, affixed by the statute of James, in England, for entry upon lands by the owner, and here by our statute of limitations of fifteen years, applying to all real and possessory actions, a presumptive right, or more properly, the presumption of a grant to incorporeal hereditaments, arises in the same period of time.

This possession, it is contended by the plaintiff, and correctly, must be *adverse* to the right and claim of the owner or proprietor.   But all that is necessary to constitute such adverse possession and use, is, that it must be accompanied by a *claim of right* on the part of the possessor.   From whom that right is claimed to have been derived, whether from the plaintiff or any other, is not material.   If the right claimed is a mere tenancy, this perhaps might not be presumed to be a *permanent* estate. In other words, a possession and use for fifteen years under a claim of this description, may not perhaps raise the presumption of there having been a dura†le lease.   It is, however, unnecessary to examine that question, as we consider the evidence before us in the case does not present the claim of the defendant in the light of a tenancy.   In the ordinary case of a tenant, the estate which is used and occupied, and from which profits

Windsor,
February,
1827.

Mitchell
vs.
Walker.

are derived, is that of the landlord. In this case, the buildings, &c. and all the expenditures are made by the defendant, and it would be the natural and common (though not the legal) presumption, that at the time the defendant's grantor erected his mills, &c. he had secured the right to the water by grant, as the whole cost and charge must be a loss, and the establishment useless without it.

The defendant having been in the possession, use, and occupation of the easement for more than fifteen years, the jury may and will presume a grant unless there is something to rebut the presumption.

It is urged, that the fact that the defendant and those under whom he claims, have done, or admitted that they were obliged to do, one quarter the repairs to the dam, is inconsistent with, and contradicts the presumption of a grant. That a *conditional* grant cannot be presemed. No authority is shown by the plaintiff's counsel to sustain this position, and from looking into the cases referred to by counsel for the defendant, it appears such right may be claimed by prescription, and consequently a grant may be presumed. If in this case the facts will justify the presumption of a grant at all, whether the right in the defendant is *conditional*, and liable to be defeated by the non-performance of the condition, or is *independent* of the duty resting upon him to aid in repairing the dam, may be questionable. We are inclined to consider it of the latter description, and if so, there would be no doubt a grant might be presumed.

The language of the court in charge to the jury is, "If the defendant had used and improved the water more than fifteen years, claiming right thereto, the law presumed a grant." It may not be perfectly correct to say the *law* presumes a grant, in as much as it seems to be considered matter of evidence from which the jury are to make the presumption.----3 *East.* 302.---- 2 *Saund.* 175, *b. c. d. n.* 2.---3 *Bing.* 115.

The court in the charge further say----"If the Hamiltons made the contract under a mistake of the facts and their rights, although it was made before the expiration of fifteen years from the commencement of the use of the water, such contract would not remove the presumption of a grant." It will be recollected the jury were thus charged on request of the counsel for the defendant, and by consent of the plaintiff's counsel, the latter feeling confident of a verdict in his favour upon the facts. My opinion was then as it now is. The uninterrupted enjoyment of an easement for fifteen years, constitutes the presumption of a grant from the original proprietor.

This enjoyment and use must be with the acquiescence of such proprietor, and accompanied with a claim of right on the part of the occupant. An interruption of the occupant, and a claim of right on the part of the proprietor, or an admission of such right by the occupant, either express or implied, will repel the presumption. So use and occupation by mistake, will defeat a claim set up on the ground of fifteen years' enjoyment.

----*Jackson* vs. *Wilkinson*, 3 *Barnwell & Creswell*, 413.----2 *Saund.* 173, *d.*

Windsor,
February,
1827.

Mitchell
vs.
Walker.

In this case there was evidence given tending to show that the plaintiff's grantor within fifteen years from the commencement of the use of the water by the defendant's grantor, asserted his right, and denied the right of the latter, and that it was mutually agreed between them, that the latter should for certain considerations hold as tenant of the former.

But it is urged that by reason of the mistake on the part of *Hamilton*, this agreement can have no effect. The case states that the agreement was made by the *Hamiltons* under a mistake of the facts and their rights. Although under such circumstances the agreement may not be such as can be enforced against the *Hamiltons*, yet it constitutes a claim of right set up on the part of the plaintiff, and an admission thereof on the part of the defendant.

It does not appear from the case what this right of the *Hamiltons* was, about which they were mistaken. If it was a right to the use of the water acquired otherwise than by occupancy, that right may remain, the agreement notwithstanding.

But before the fifteen years elapsed, the plaintiff having asserted his claim, and the defendant having conceded the right, the plaintiff was thereby lulled to security, and under whatever circumstances the defendant may have made the agreement, the *presumption* of a grant is thereby repelled.

The defendant's counsel suppose the case is one in which a court of chancery would decree a conveyance, and therefore urge that this Court will presume one. That when chancery will decree a specific performance in favour of a party, a court of law will not give damages against him. Admitting the doctrine correct, there are no facts before the Court by which they would be justified in sustaining the verdict. The case shows that testimony was given tending to prove certain facts; but there is nothing before the Court that could warrant the belief of any thing other than what is supposed necessarily to have been found by the jury. The jury were instructed, that if they found from the evidence that the defendant and those under whom he claimed had occupied the easement, claiming right thereto, for the period of 15 years before the commencement of the suit, they would presume a grant, notwithstanding the agreement of the parties before referred to. The jury, then, from their verdict, are supposed to have found the use and occupancy for more than fifteen years, and if any contract was made between the parties, the same was made by the defendant, or rather *Hamilton*, from whom he claims, under a mistake of the facts and his rights. Whether a contract was made or not, does not appear, and if made, in what the mistake consisted cannot be learned from the case.

There is nothing before the Court to show under what circumstances the defendant has enjoyed the use of the easement which he claims; we cannot therefore say it would be equita-

ble or just to render judgment upon the verdict----a new trial therefore must be granted.

Mitchell
*vs.*
Walker.

HUTCHINSON, J. being of counsel for the plaintiff, did not sit on the trial.