## H. A. PHELPS, Appellant, *v.* H. BELLOWS's ESTATE'
### Appellee.

### *Usury.*

1. Loaning money and *receiving a deed of the premises of the borrower*, and *giving back a lease of the same*, reserving a rent of *twelve per centum* on the loan, is, in effect, *taking a mortgage* as security; and the transaction is *usurious.*
2. But here the usury was reserved in the contract, and, hence, each payment of usury *was a payment on the debt*, so that strictly, there could have been no usury paid till the *last payment*, when the premises were deeded back; and the court below, not finding any usury paid *at that time*, the plaintiff cannot recover.
3. The acknowledgment of the receipt of the consideration named in *a deed* is only *prima facie* evidence of the payment of that sum.
4. When parties *agree to try their case by the court*, its finding, on legal evidence, is as *conclusive* as the verdict of a jury; and the Supreme Court has no power to revise the action of the County Court in regard to the weight to be given to testimony legally before it when sitting as the trier of facts.

CASE heard by the court at the September Term, 1880, ROYCE, J., presiding. Appeal from the disallowance of commissioners on the defendant estate. The plaintiff relied upon the common counts in assumpsit. Plea, the general issue, and Statute of Limitations. The case is stated in the opinion of the Court.

*Adams & Ballard*, for the plaintiff.

The transaction between the plaintiff and Bellows—deeding and leasing—was loaning money and *taking a mortgage* to secure it. *Klinah* v. *Price*, 6 Am. R. 268; *Gilmore* v. *Seymour*, 4 Vt. 518; *Graham* v. *Stevens*, 34 Vt. 166; 37 Vt. 169, 180; *Wells* v. *Robinson, ante*, 202. The receipt in the deed is *prima facie* evidence. Phil. on Ev. 1, 471; 22 Vt. 380; 1 Greenl. on Ev. s. 21; 10 Vt. 96; 16 Conn. 383. *Prima facie* evidence of a fact is sufficient to establish it, if not rebutted. 1 Pick. 332; 11 Conn. 95; 6 Peters, 622, 632. All the exhibits and all the parol evidence used on trial, was introduced by the plaintiff.

*E. A. Sowles, Edson, Cross & Start*, for the defendant.

If usury was paid, it was endorsed on the back of the lease, and the law applied it as " payments on the debt generally within the repeated decisions of this court." These payments of usury, if paid, were not *outside* the contract, or usury *eo nomine*. *Ward v. Sharp*, 15 Vt. 115 : *Grow* v. *Albee*, 19 Vt. 540 ; *Nichols* v. *Bellows*, 22 Vt. 581 ; *Wells* v. *Robinson*, 53 Vt. 202.

The evidence of the plaintiff shows that he told Mr. Bellows the interest was exorbitant, and it also appears that he had at one time contemplated bringing an action to recover the extra paid. This was pertinent and proper evidence to be considered and weighed by the court, and it may well have presumed, as a matter of fact, from all the evidence, that the plaintiff, when he closed up with Mr. Bellows, would insist and stand upon his legal rights, and the weight to be given to this evidence rested entirely with the court, and its finding is as conclusive as if established by a verdict of a jury. *Roberts* v. *Welch*, 46 Vt. 164.

The opinion of the court was delivered by

Ross, J. The deeds of July 1st and 2d, 1870, and the lease of the last date, are to be construed together, as constituting one transaction, and thus construed, are in legal effect a mortgage of the premises conveyed from the plaintiff to the testator to secure the repayment of \$2600 then loaned the plaintiff by the testator. The rent reserved in the lease was twelve per centum on the sum loaned, and usurious. The usury being reserved in, and stipulated for, by the contract for security when paid by the plaintiff, was a payment on the original debt, with interest computed thereon at six per centum, as held in *Wells* v. *Robinson and Wife*, at the General Term, 1880.* Hence the plaintiff could have, on the evidence intoduced before the County Court, paid no usury until the final payment, Feb. 7, 1876, when the testator reconveyed the premises by deed of quit-claim to the plaintiff. There was no evidence on the part of the plaintiff before the County Court to show how much he then paid, except the consideration named in the quit-claim deed. If the other payments on

---

* *Ante*, 202.

the loan shown were applied legally, the consideration named in that deed, if paid, would show the overpayment of the loan and legal interest thereon, and in that way show the payment of usury by the plaintiff. The acknowledgment by the testator of the receipt of the consideration named in the deed, was only *prima facie* evidence of the payment of that sum by the plaintiff. If it had stood alone, it would have been evidence on which the County Court could have legally found the payment of usury. We do not say it would have been legal error if the County Court had considered it insufficient to establish such payment. But there was other evidence before the County Court tending to show that the plaintiff was dissatisfied with paying twelve per centum on the loan. All this was for the County Court to weigh. Having considered the evidence, that court reports that it is unable to find the payment of any usury at the time the premises were reconveyed. Such finding on evidence properly submitted to the consideration of the County Court, and where the trial by agreement of the parties is by the court, is as conclusive of the parties' rights as a verdict of the jury establishing the same fact. *Roberts* v. *Welch*, 46 Vt. 164. This court has jurisdiction on exceptions to revise the action of the County Court on questions of law alone. It cannot revise its determination of the weight to be given to evidence properly and legally submitted to its consideration. When the trial is by the court instead of by the jury, this court can only revise such questions of law as arise in regard to the admission of testimony, and the legal rules established for its consideration, so far as they are disclosed by the exceptions, and the legal effect of the facts found established by such rules and evidence. It has no power to revise the action of that court in regard to the weight to be given to testimony legally before it when sitting as the trier of facts.

The judgment of the County Court is affirmed, and ordered to be certified to the Probate Court.