OUGHTNEY JANGRAW v. MARY MEE.

January Term, 1903.

Present: TYLER, MUNSON, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed February 25, 1903.

*Adverse possession—Notice of claim—Question for jury—*
*Motion to set aside verdict.*

When possession is of such a character as to indicate to the owner that it is exercised as a matter of right, no notice of the possessor's claim is required to make it adverse.

Whether or not the possession is of this character is a question for the jury.

A motion to set aside a verdict as against the weight of evidence is addressed to the discretion of the trial Court, and its action thereon is conclusive.

EJECTMENT. Plea, the general issue with notice of special matter. Trial by jury at the March Term, 1902, Washington County, *Start,* J., presiding. Verdict for the defendant. Motion to set aside the verdict overruled, and judgment on verdict. The plaintiff excepted.

*George W. Wing* and *John G. Wing* for the plaintiff.

An inspection of all the evidence in the case shows that the verdict was against the weight of evidence, and the same should have been set aside.

The defendant can not stand upon adverse possession, because it was permissive. *Pray* v. *Pierce,* 7 Mass. 381; *Bartlett* v. *Judd,* 21 N. Y. 200; *Henry* v. *Huff,* 143 Pa. St. 548.

That possession must be exclusive as well as hostile. *Pulaski County* v. *State,* 41 Ark. 118; *Tracy* v. *Railroad Co.,* 39 Conn. 382; *Hill* v. *Waldrop,* 57 Ga. 134; *Turney* v. *Chamber-*

*lin,* 15 Ill. 271; *Law* v. *Smith,* 4 Ind. 56; *Hempstead* v. *Hoff-man,* 84 Ia. 398; *Roberts* v. *Richards,* 84 Me. 1; *Burks* v. *Adams,* 80 Mo. 504.

*T. R. Gordon* and *F. L. Laird* for the defendant.

This Court will not disturb the verdict, for there was evidence to support it.   *Hill* v. *New Haven,* 37 Vt. 512; *Weeks* v. *Barron,* 38 Vt. 420; *Mullin* v. *Rowell,* 56 Vt. 301.

The character of the defendant's possession was a question for the jury.   Cyc. 1153, 1159.

WATSON, J.   This action was tried by jury resulting in a verdict for the defendant.   Before judgment on verdict, the plaintiff moved to set aside the verdict on the grounds, (1) that it was against the weight of evidence, contrary thereto, and not in accordance therewith; (2) that the north-easterly line of the plaintiff,—the line in dispute,—was conceded to start from a certain cedar post marking the westerly corner of defendant's land; and (3) that the evidence in the case had a tendency to show that the disputed premises had been used in common by the parties, and that the defendant's occupation had been by the plaintiff's permission, and not openly, notoriously, and exclusively adverse to him under a claim of right. The only question before us is on exception to the overruling of this motion.

The defense was placed upon the ground of title in the defendant both by record and by prescription.

The plaintiff claimed and the defendant conceded that the north-easterly line of plaintiff's lot,—the line in dispute,—started from a certain cedar post marking the westerly corner of defendant's land.   The defendant's evidence tended to show that from the year 1875, she and her husband owned

and occupied the premises now owned by her adjoining the plaintiff's land until the husband's death about ten years ago, and that since then she has been the owner thereof and has occupied them in person or by her tenants; that when the defendant and her husband bought the place in 1875, the line between their land and the land now owned by the plaintiff was indicated on Loomis street by the cedar post, and that there was also a "line-board" on the barn; and that in 1879, and as late as 1887 and 1888, a common board fence was there on this line or portions of it. It is to this line thus indicated that the defendant claims to own. Her evidence tended to show occupancy of the disputed premises and to this line, by herself and husband until his death, and by herself or her tenants since; also uninterrupted, exclusive, open, notorious possession and acts of ownership for more than fifteen years exercised by them; and that the plaintiff never made any objection thereto, nor in acts or words made any claim of right in himself until about four years ago, since which time both the plaintiff and the defendant have claimed to own them, each endeavoring to assert his or her rights therein, which have been constantly disputed and resisted by the other.

It is said by the plaintiff that no notice of any kind of defendant's claim was given to him, and that the defendant does not claim that she ever said anything to him, or made any claim to the premises in question; also that the acts of the defendant with reference to the disputed premises are consistent with the claim of the plaintiff that the defendant's use of the same was by permission of the plaintiff, and not hostile, adverse, and exclusive.

It was not necessary for the defendant to show that she gave the plaintiff notice of her claim in words. It was sufficient if her occupancy and use were exclusive, open and no-

torious, and of such a character as would indicate to the plaintiff that she was exercising it as a matter of right. The evidence tended so to show, and it was for the jury to determine. *Willey* v. *Hunter*, 57 Vt. 479; *Plimpton* v. *Converse*, 44 Vt. 158; *Eddy* v. *St. Mars*, 53 Vt. 462, 38 Am. Rep. 695.

The only question, then, being whether the verdict was against the weight of evidence, the motion was addressed to the discretion of the trial Court, and its action thereon is conclusive. *Sowles* v. *Carr*, 69 Vt. 414, 38 Atl. 77.

*Judgment affirmed.*