WILLIAM BARBER v. E. E. BAILEY.

November Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 3, 1912.

*Equity — Procedure — Chancellor's Findings —Status —Necessity of Exceptions thereto—Easements in Land—Prescription—Essentials—Claim of Right—Burden of Proof—Presumptions in Support of Decree—Jurisdictional Question—Waiver by Laches.*

The findings of fact made by a chancellor in a case tried before him have the status of a report by a special master, and so good practice

requires that, as prescribed by P. S. 1268 in respect of a report by a special master, no questions regarding the admission or exclusion of evidence by the chancellor shall be considered on appeal unless reserved by exceptions to his findings of fact duly filed in the court of chancery.

The evidence on which a chancellor bases his findings of fact will not be considered on appeal unless attached to and submitted by such findings.

It is essential to the acquisition by prescription of an easement in another's land that the usage be under a claim of right, and so the finding that for more than sixty years defendant and his family have passed through orator's land on a designated course "openly, notoriously, and continuously, without interruption" falls short of showing a prescriptive right in defendant.

In a suit in equity to enjoin defendant from crossing orator's land, the burden of establishing a prescriptive right to do so is on defendant, though the bill denies that right, for the presumption is, orator being the owner of the land, that defendant's acts were trespasses.

It is not essential to the acquisition by prescription of an easement in another's land that the usage be under a claim of right expressed in words, for it is sufficient if the usage be such as to indicate to the landowner that it is under a claim of right.

In a suit in equity to enjoin defendant from crossing orator's land, where the issue was whether defendant had acquired the prescriptive right to do so, and he established that he had done so continuously for more than sixty years to the knowledge of orator and the previous owners, who made no opposition, though that fact *prima facie* established the adverse character of the usage, and made it necessary for orator to come forward with evidence that the usage was in fact permissive, still the burden of proving that it was under a claim of right remained on defendant, and the quality of the usage was a question of fact where the evidence was such as to leave room for opposing inferences.

It will be assumed on appeal that the court of chancery made any inference warranted by the facts found and necessary to support the decree.

Defendant waived the question of the court's jurisdiction of a suit in equity by not raising it until after he had answered the bill, tried the case on its merits, and suffered an adverse decree.

APPEAL IN CHANCERY. Heard at the December Term, 1910, Orange County, *Stanton,* Chancellor, on the pleadings and findings of fact by the chancellor. Decree for the orator. The defendant appealed. The opinion states the case.

*R. M. Harvey* and *E. M. Harvey* for the orator.

*Smith & Smith* for the defendant.

It will be noticed that there is no finding, one way or the other, as to whether the defendant used this right of way under a claim of right, but his conduct was such that it showed that he did. Moreover, he expressly alleged it in his answer and there was no evidence to the contrary. The answer directly controverted that and was exactly responsive to the allegations of the bill and therefore should have been treated as evidence. *Mann v. Betterly,* 21 Vt. 326; *Shattuck* v. *Gay,* 45 Vt. 86; *Field* v. *Wilbur,* 49 Vt. 157; *Rich* v. *Austin,* 40 Vt. 416; *Blaisdell* v. *Bowns,* 40 Vt. 126. It is found that the defendant and the other members of his family had used this right of way openly, notoriously and continuously without interruption for more than sixty years, and there is no finding to rebut the presumption, which should have been made in the case that he used it under a claim of right. For it is said in *Perrin* v. *Garfield,* 37 Vt. 301, that the general rule is that the open and continued enjoyment of an easement of this character is presumed to be adverse, unless something appears to rebut that presumption, and in this case there is nothing whatever to rebut that presumption and the defendant had acquired the right years before the orator ever owned the place. *Tracey* v. *Atherton,* 36 Vt. 512.

POWERS, J. The orator owns a piece of land on the northerly side of Pine Street, in the village of Newbury, known as the "Spring House Pasture." The defendant lives in a house which stands just north of this pasture, and has lived there since sometime in 1846. During all this time, he, and the members of his family, in going to and from Pine Street and the postoffice, have taken a "short cut" through the pasture. No one has ever objected to this until on December 2, 1908, the orator asked the defendant to take and carry away a certain timber which he, the defendant, had used as a bridge over a

small brook in the pasture. This the defendant refused to do, and the orator cut the timber in two, and the water floated it away. The defendant sued the orator to recover damages for the loss of the timber, and with this action pending, the orator brought this bill in chancery to enjoin the action at law, to restrain the defendant from crossing the pasture, and for an accounting. A trial was had before the chancellor, who found and filed the facts, and a decree was thereupon rendered for the orator. From that decree the defendant appeals. The only question litigated below was as to the right of the defendant to cross the pasture,—a prescriptive right so to do being the defendant's only claim.

In argument the defendant raises certain questions regarding the admission and rejection of evidence, but we cannot consider them, for they are not properly before us. No exceptions were filed below, and the record does not show that these questions were insisted upon when the decree was rendered. In these circumstances it was proper for the chancellor to treat as waived the objections made when the evidence was going in. It is provided by statute (P. S. 1268) that no question as to the admission or rejection of evidence by a special master shall be heard in this Court unless raised by exception to the report filed in the court of chancery. When the findings are made by the chancellor his statement of the facts stands like the report of a special master, and good practice requires that questions of admissibility of evidence should be reserved by exceptions filed in the court below. To hold otherwise would put the chancellor to an unfair disadvantage, and deprive him of all opportunity to correct any error into which he may have fallen in receiving or rejecting evidence.

Nor can we give heed to the suggestions of defendant's counsel as to what the uncontradicted evidence showed. The evidence is not before us, and so, of course, cannot be considered. Here, again, the findings of the chancellor stand like the report of a master, and in order to be considered by this Court, on appeal, the evidence must be attached to and submitted by the chancellor's report—as is required in the case of a master's report. *Child* v. *Pinney,* 81 Vt. 314, 70 Atl. 566; *Wilder's Exr.* v. *Wilder,* 82 Vt. 123, 72 Atl. 203.

This brings us to a consideration of the main question in the case: Has the defendant acquired a prescriptive right to cross

the orator's pasture? The finding is that for upwards of sixty years the defendant and his family have passed through the pasture to and from Pine Street "openly, notoriously and continuously, without interruption."

The right to an easement in another's land acquired by long use and enjoyment is analogous to the right acquired by adverse possession; and the rules of law applicable to the two cases are in harmony. *Mitchell* v. *Walker,* 2 Aik. 266, 16 Am. Dec. 710; *Tracey* v. *Atherton,* 36 Vt. 503. One of the essentials to the acquisition of such a right is that the use shall be adverse,—that is to say, it must be under a claim of right on the part of the user. *Mitchell* v. *Walker,* supra; *Lathrop* v. *Levarn,* 83 Vt. 1, 74 Atl. 331; *Goodall* v. *Drew,* 85 Vt. 408, 82 Atl. 680. So the finding before us lacks one of the elements of a prescription, for, as we have seen, it does not specify whether the defendant's use of the pasture has been adverse or permissive. *Prima facie,* the orator being the owner of the pasture, the defendant's acts were mere trespasses. The burden of proof was on the defendant to establish his prescriptive right, if he had one. *Plimpton* v. *Converse,* 42 Vt. 712. And this was so, though the orator may have alleged in his bill that the defendant had no such right. For, though he alleges more, the orator need only prove that the defendant committed acts which, in the absence of excuse or justification, amounted to a trespass. *Bosworth* v. *Bancroft,* 74 Vt. 451, 52 Atl. 1050. Our attention is called to the statement in the findings to the effect that the defendant never asserted that he crossed the pasture under a claim of right, but this obviously refers to an express assertion, and leaves untouched the effect of the defendant's conduct. It was not necessary for the defendant to make an express declaration of his claim; it was enough if his use of the way was of such a character as to indicate to the owners of the pasture that it was under a claim of right. *Wilder* v. *Wheeldon,* 56 Vt. 344; *Jangraw* v. *Mee,* 75 Vt. 211, 54 Atl. 189, 98 Am. St. Rep. 816.

In establishing the adverse character of his use of the way, the defendant is aided by a presumption, which arises from the fact that the orator and the previous owners knew all about his crossing the pasture and made no effort to prevent it. This made it necessary for the orator to come forward with evidence that the defendant's acts were, in fact, permissive. The rule in such cases was stated by Chief Judge Redfield in *Arbuckle* v.

*Ward,* 29 Vt. 43, in these words: "The mere use, if so open and notorious as obviously to attract the notice of the owner of the soil, or if expressly shown to have come to his knowledge, will *prima facie* establish the right, and it will be incumbent upon the owner to show in some mode, that it was not used under a claim of right to the water, or that he did not so understand it, and was not bound to so regard it from the nature and extent of the use." The same thing was held in *Perrin* v. *Garfield,* 37 Vt. 304; *Dodge* v. *Stacey,* 39 Vt. 558; and in *Wilder* v. *Wheeldon,* 56 Vt. 344. But notwithstanding this presumption, the character of the use remains a question of fact, unless the proof and inferences are all one way,—*Plimpton* v. *Converse,* 42 Vt. 712—and the burden of proof remains on the defendant. And here the proof and inferences were not all one way, for there were facts and circumstances shown from which we think it could reasonably be inferred that the defendant's use of the pasture was permissive. The character and situation of the land, the use made of it by the other neighbors, and other circumstances, indicate, more or less strongly, that the defendant's use of the pasture was *ex gratia* and not hostile. This being so, there is nothing for this Court to do but assume, in aid of the decree, that the court of chancery inferred this fact from those found, since without it the decree could not stand. *In re Braley's Est.,* 85 Vt. 351, 82 Atl. 5; *Whitehead* v. *Whitehead,* 84 Vt. 321, 79 Atl. 516; *Perkins & Co.* v. *Perley,* 82 Vt. 524, 74 Atl. 231; *Van Dyke* v. *Cole,* 81 Vt. 379, 70 Atl. 593; *Davenport* v. *Crowell,* 79 Vt. 419, 65 Atl. 557; *Sowles* v. *St. Albans,* 71 Vt. 418, 45 Atl. 1050; *Russell* v. *Davis,* 69 Vt. 275, 37 Atl. 746; *Perrin* v. *Garfield,* 37 Vt. 304. This is just what the Court did in the case last cited, except that it was there necessary in support of the judgment to assume that the court below inferred that the use was hostile instead of permissive.

We realize that it is a serious matter to interfere with privileges enjoyed for more than sixty years, but it must not be forgotten that this Court sits in error only, and must deal with a record according to the established rules of law, and without regard to its own notions of the merits of the controversy.

The defendant closes his brief with the claim that the court of chancery had no jurisdiction. Of this claim it is enough to say that it comes too late. The defendant answered the bill, tried the case on its merits, and allowed a decree to pass,—all

without questioning the court's jurisdiction.   No reason is now suggested why the general rule should not be applied,—which is that in such circumstances the jurisdictional question is waived.   *Enright* v. *Amsden*, 70 Vt. 183, 40 Atl. 37; *Holt* v. *Daniels*, 61 Vt. 89, 17 Atl. 786.

*Decree affirmed and cause remanded.*