ADEODAT NORMAND *v.* NAPOLEON NORMAND.

February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 10, 1915.

*Deeds—Validity—Capacity of Grantor—Sufficiency of Findings to Warrant Setting Aside Deed for Incapacity of Grantor—Findings Not Supported by Evidence—Sufficiency of Exceptions.*

Findings that a grantor 72 years of age, who had suffered two severe paralytic shocks shortly before the execution of a deed to his son, did not understand that the deed would limit his rights to the property, but only that after his death it would go to his son, who had great influence over him; that a fear that a will he had made in the son's favor would be broken was unduly impressed upon him; and that the execution of the deed was brought about by some other controlling mind, sufficiently support a decree setting aside the deed.

Where no exceptions were filed to the findings of the chancellor on the ground that the findings are not warranted by the evidence, that question is not reserved.

APPEAL IN CHANCERY. Heard on the pleadings and finding of facts by the chancellor at the September Term, 1914, Chittenden County, *Butler*, Chancellor. Decree for the orator. The defendant appealed. The opinion states the case.

*Cowles & Stearns* and *J. W. Page* for the orator.

*Martin S. Vilas* and *Edmund C. Mower* for the defendant.

HASELTON, J. This is a bill seeking to have set aside a deed of real estate given by the orator to the defendant. The chancellor found the facts and upon consideration thereof a decree was rendered setting aside the deed in question. The defendant appealed.

The orator is some seventy-two years of age. About September 12, 1912, he had a paralytic shock which affected his right side so that he could use his right arm and right leg only with difficulty. Along in the last days of March, 1914, he had a second and more severe shock, and for a considerable time his life was despaired of. About the middle of the following month the deed in question was executed.

The chancellor finds "that at the time of the execution of this deed the orator was too weak in mind and body to fully understand and comprehend the force and effect of the deed, or to fully appreciate its significance."

In view of the use of the word "fully" in the paragraph we look further into the findings where, in one place, the chancellor says that the orator understood and realized only that after his death the property would go to his son, the defendant, and where, in another place, the chancellor says that the orator did not understand that the deed would limit or circumscribe his rights in respect to his property.

The chancellor further finds that at the time of making the deed the orator was largely under the influence and control of his son, and further says that one is forced to the conclusion that fear that a will which he had made in favor of the son would be broken was unduly impressed upon the orator, and that the execution of the deed was conceived and brought about by some other controlling mind.

These affirmative findings are sufficient to support the decree, for they show not only that the orator did not "fully" understand the business he was doing, but that he did not have a reasonable understanding of it, and did not know the consequence of his act, and that the execution of the deed was impelled by the mind of another. *Allen's Admr.* v. *Allen's Admr.*, 79 Vt. 173, 64 Atl. 1110; *King* v. *Davis*, 60 Vt. 502, 11 Atl. 727; *Stewart* v. *Flint*, 59 Vt. 144, 8 Atl. 801; *Day* v. *Seeley*, 17 Vt. 542; *Morso* v. *Slason*, 13 Vt. 296.

The defendant claims that these findings are inconsistent with other findings expressly made. But from a careful reading of the findings of the chancellor we are unable to agree with this contention.

If it appeared that any of the subordinate facts to which the defendant calls our attention were excluded from consideration in determining the ultimate facts, a different question would

be presented.  *Skelley* v. *Skelley,* 88 Vt. 254, 92 Atl. 234.  But nothing of this sort appears.

The subordinate findings argued by the defendant did not determine, as matter of law, what the ultimate findings and the decree should be.

The defendant also claims that the findings are not supported by the evidence.  But no exceptions were filed to the findings, or to any of them, on the ground urged or on any ground.  So the claim of the defendant in this respect is not properly before us for consideration.  *Barber v. Bailey,* 86 Vt. 219, 84 Atl. 608, 44 L. R. A. (N. S.) 98.

The chancellor states, and it is proper here to mention, that the question of whether there was anything due the defendant for care, nursing, and services was not considered as within the scope of the bill and was not determined or litigated.  He also states that the defendant collected rents and made repairs on the real estate in question, but that these matters were not in issue, and that nothing in the findings is intended to limit the rights of the parties in respect thereto.

*Decree affirmed and cause remanded.*