ALBERT B. LYON v. PARKER YOUNG COMPANY ET AL.

January Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 14, 1923.

*Real Property—Adverse Possession—Supreme Court Will Assume That Chancellor Drew Inference From Facts Necessary to Support Decree.*

1. One who enters upon another's land and so fences it as to clearly indicate to the true owner and all others who may be interested that he asserts dominion to that limit, may acquire title thereto by adverse possession, though he was at the start without title or color.

2. In such a case, the fence has the same effect as color of title, and extends acts of possession on any part of the land to the boundary so marked; and it is not necessary that the fence shall entirely enclose the land if it goes far enough toward enclosing it to show that it marked the extent of the claim, but to have the erection and maintenance of such a fence operate to secure title by adverse possession, the fence must have been erected and maintained for the purpose of enclosing the land as the property of the person seeking to make adverse title to it, and not for his mere convenience in occupying other lands.

3. Whether a fence was erected and maintained for the purpose of enclosing the land as the property of the person seeking to establish title by adverse possession, and whether it did so indicate his claim of title, were questions of fact for the chancellor, and where such inference was necessary to support the decree and could fairly be drawn from the findings made, the Supreme Court will assume that the chancellor drew such inference.

APPEAL IN CHANCERY. Bill for an injunction to restrain the defendant from entering upon certain land, and from cutting and removing trees therefrom. Heard on the pleadings and findings of fact by the chancellor after the October Term, 1921, Essex County, *Chase,* Chancellor. Decree for the plaintiff. The defendants appealed. The opinion states the case. *Affirmed and remanded.*

*Porter, Witters & Longmoore* for the defendants.

*Shields & Conant* for the plaintiff.

POWERS, J. These parties are contesting for the title to a piece of land in the Fifth Division of the town of Lunenburgh. The plaintiff owns Lot No. 24 and the northwest part of Lot No. 19, lying next southerly. The defendant owns (this controversy aside) Lots No. 29 and 23, adjoining the plaintiff's lots on the west. The land in dispute is a part of the defendant's lots, is about six and one-third acres in area, and lies along the west line of the plaintiff's lots. The plaintiff claimed that this land was

a part of a pitch of one of his predecessors in title, but this is not found as a fact, though it is found that in all that he and his father before him, from whom he acquired his title, did on or concerning this land, was done under this claim.

For more than forty years a brush fence extended from a point near the northwest corner of Lot No. 19, westerly and northerly, cutting into Lots 23 and 29 in a semi-circular way, to a point so far north and east as to almost enclose the disputed land. And for at least twenty-six years, the plaintiff, having acquired from his father the farm and claiming to own this very land as a part of it, has maintained a barbed wire fence along the entire location of the brush fence, but extending beyond the north end of the latter to a cedar tree only about ten rods from the west line of Lot No. 24. This wire fence, then, wholly enclosed the land in question, except this ten-rod space at the north end of it. During all these years, the plaintiff has performed acts of possession on the disputed land by way of trimming sapling pine, tapping the maple trees on it, cutting wood and timber, and pasturing the same. And during that time, no one has molested him or disputed his right until in 1919 the defendant, by its servants and agents, entered upon the land, took down a part of the wire fence, and began cutting the timber thereon. The plaintiff notified the defendant that he owned the land and ordered it off, but no attention was paid to him and the cutting continued until it was enjoined in this proceeding. Such possession as the plaintiff had is found to have been ''open, continuous, adverse, notorious and under a claim of right.'' The decree below was for the plaintiff and the only question presented by the defendant's appeal is whether the facts found support that decree.

[1-3] While the plaintiff had neither title nor color of title to the land in dispute, his possession of a part of it has been of such a character and for such a time as to give him title to it by adverse possession, if enough is shown to extend that possession to the limit of his claim. It has long been the law of this jurisdiction that one who enters upon another's land and so fences it in as to clearly indicate to the true owner and all others who may be interested that he asserts dominion to that limit, may acquire title thereto by adverse possession, though he was at the start without title or color. *Robinson* v. *Douglass,* 2 Aik. 364;

*Buck* v. *Squiers,* 23 Vt. 498; *Hodges* v. *Eddy,* 38 Vt. 327; *Soule* v. *Barlow,* 49 Vt. 329. In such cases, the fence has the same effect as color of title, and extends acts of possession on any part of the land to the boundary so marked. *Soule* v. *Barlow, supra; Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184. Nor is it necessary in such cases that the fence shall entirely enclose the land. All that is required is that it shall go far enough toward enclosing it as to show that it marked the extent of the claim. *Buck* v. *Squiers, supra.*

To have the effect stated, the fence must have been erected and maintained for the purpose of enclosing the land as the property of the person who seeks to make adverse title to it, and not for his convenience in the occupation of his other lands, and this must appear. Whether the fence here in question was so erected and maintained, and whether it did so indicate the plaintiff's claim of title, were questions of fact for the chancellor. *Soule* v. *Barlow, supra; Blondin* v. *Brooks, supra.* That it was so erected and was of such a character is a fair, if not a necessary inference from the findings; and being necessary to support the decree, we assume that such inference was drawn by the court of chancery.

*Decree affirmed and cause remanded.*