308

Shirley R. Beresford and Nan Jesse v. C. W. Gray & Sons, Inc.

[415 A.2d 222]

No. 113-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Valente, Superior Judge, Specially Assigned

Opinion Filed April 15, 1980

*Michael F. Hanley* of *Black & Plante, Inc.*, White River Junction, for Plaintiffs.

*Otterman and Allen, P.C.*, Bradford, for Defendant.

Barney, C.J. This is a land ownership dispute based on a twenty-four acre difference between deed calls and occupancy. The lower court found the ownership to be commensurate with the occupancy on the basis of adverse possession for more than fifteen years and ruled in favor of the defendant. The plaintiffs contest that view as not sustainable under the law or the evidence and appeal here.

Unlike some land disputes this case is a little more than a dispute in the direction or position of a single common boundary. The plaintiffs succeeded, in line of title, to the ownership of a farm referred to as the Lawrence farm. The defendant owns the adjoining Drew farm. The two farms were, in 1932, both owned by one Eastman. At that time the common boundary between them deviated from a more or less straight line to pass around a twenty-four acre parcel that was part of the Lawrence farm, but surrounded on three sides by Drew farm land. In October 1946 Eastman conveyed the Drew farm to the Reynolds, through whom the defendant holds.

In June 1948 Eastman conveyed the Lawrence farm to the Moquins, through whom the plaintiff obtained title. The deed to the Moquins contains the following language:

> Also north line has been corrected to run straight, and there is included in this deed, and conveyed hereby, the land added to the Lawrence farm herein conveyed, by straightening of said line.

When the Reynolds occupied the Drew farm in 1946, they also entered upon and occupied the twenty-four acre parcel of the Lawrence farm. The Drew farm was fenced, and the fence maintained so as to include that piece. The parcel was pastured by Reynolds and, from time to time, timbered.

The defendant bought from Reynolds' widow and continued to maintain the fence as it was around the farm, including, as it did, the twenty-four acre parcel. The defendant also pastured cattle on the parcel, and cut trees. A corral was built, partially on that lot and a road built and maintained across it to give access to another part of the Drew farm. No separate fence around the twenty-four acre parcel has been kept up by anyone.

The wire fence has been recognized as the boundary between the two farms, and there has been no interference by a Lawrence farm owner since the fence's establishment. The plaintiffs considered the fence the boundary until a survey was made in 1978, fifteen years after they had purchased the Lawrence farm.

The lower court also found that none of the occupancy was on the basis of permission sought or granted by one owner or the other, and concluded that the use represented a claim of ownership. The plaintiffs contend that all this is not sufficient to establish title by adverse possession.

It is their position that the evidence did not disclose sufficient hostility to meet the standard for adverse possession. The plaintiffs contend that the law requires possession to be open, visible, notorious, continuous for fifteen years and hostile. This is the rule stated in *Barrell* v. *Renehan*, 114 Vt. 23, 29, 39 A.2d 330, 333 (1944). That case also speaks of a boundary line established by acquiescence, which, if mutually recognized for fifteen years by adjoining owners, will give a

perfected title by adverse possession. *Id.* at 31, 39 A.2d at 334–35.

That doctrine is the basis for the holding in *Amey* v. *Hall,* 123 Vt. 62, 66, 181 A.2d 69, 72 (1962), which states:

> To acquire title to the limits of a boundary that has been established by acquiescence there must be a mutual recognition of the particular line by the adjoining owners coupled with continuous possession by one or both parties for the length of time required for adverse possession. (Citations omitted.) Thus, when the specific demands of adverse possession are met, title will be confirmed to the limits of the line without regard to opposing descriptions in deeds of conveyance and will bind the parties and the courts as well.

This is such a case. For thirty years the parties and their predecessors have recognized a line as the common boundary, and so treated it. The requirements of *Amey* v. *Hall, supra,* are as fully met as to the twenty-four acres here as they were as to the twenty acres in that case.

The plaintiffs' arguments as to hostility seem to be premised on the idea that the adverse nature of an occupancy by another cannot prevail where both parties are unaware of the true location of the actual line on the ground, and intend to claim under their deeds. In fact, this is one of the most frequent sources of lines established by acquiescence. So long as the parties treat the division line as the true boundary for fifteen years, this is decisive evidence, and no survey or new line made afterwards will displace it. *Burton* v. *Lazell,* 16 Vt. 158, 161 (1844). The character of the adverse possession must be such as works a disseisin of the owner. *Lathrop* v. *Levarn,* 83 Vt. 1, 4, 74 A. 331 (1909). There is not the slightest doubt that that was accomplished here. *Lyon* v. *Parker Young Co.,* 96 Vt. 361, 119 A. 881 (1923).

After the matter was appealed here, a motion to amend the form of the order was made below, based on a claim that the judgment defines parts of the boundary not within the litigated dispute. This motion has not been heard, and the cause will be returned for that purpose.

*Judgment affirmed; and cause remanded for the purpose of a hearing on the motion relative to the form of the judgment.*